(No. 28041.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HIDDLESON *et al.*, Plaintiffs in Error.

*Opinion filed January 17, 1945—Rehearing denied March 15, 1945.*

ROBERT W. BESSE, of Sterling, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and L. L. WINN, State's Attorney, of Sterling, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiffs in error, William Hiddleson, Clifford Bouma, Glenn Jones and Loren Rick, hereinafter referred to as defendants, were jointly indicted and tried, in the circuit court of Whiteside county, for the crime of forcible rape against the person of the prosecuting witness. Defendants entered pleas of not guilty, were tried before a jury, and, at the close of all the evidence, were found guilty as

charged in the indictment. Three of them were sentenced to the penitentiary for a term of two years each, while Loren Rick, the other defendant, received a sentence of one year. Motions for a new trial and in arrest of judgment were overruled and the defendants sentenced accordingly. The record is before this court for review on a writ of error which depends entirely upon the evidence, there being no errors of law assigned which are argued.

At the time of the alleged offense the prosecutrix was seventeen years of age. The defendant Glenn Jones, who was driving the car in which the parties were riding, was twenty years of age. Both William Hiddleson and Clifford Bouma were seventeen years of age and the defendant Loren Rick was sixteen years of age.

The facts out of which this case arose are as follows: One the evening of November 16, 1943, the prosecuting witness, a senior in the Sterling Township High School, was walking along East Third street, in the city of Sterling, about 8:30 o'clock. She had just finished her work as a waitress at a Gyro Club dinner at the Elk's club and had left the club around 8:00 o'clock, alone. After visiting a local soda fountain and making a stop at Walgreen's drug store, she proceeded east on the north side of East Third street, three or four blocks. While crossing the street, a car stopped in which all of the defendants were riding. She testified that "The kids in it called to me;" that she was acquainted with Glenn Jones, the driver of the car, and went over and talked to him and asked him about his cousin; that either he or Hiddleson, one of the other defendants, asked her where she was going and she said, "Home;" that Jones said, "Get in;" that she went around to the other side of the car and Bill Hiddleson got out and she got in the front seat with Hiddleson and Jones. The prosecuting witness also testified that she had met Jones the previous Saturday night and had been introduced to him by his cousin. The car then proceeded easterly on

East Third street and East Fourth street, until it passed the city limits. The prosecuting witness further testified that she directed them the way she lived but they ignored her and continued along the highway; and, from the evidence, although prosecutrix testified she did not recall it, the car was stopped for about five minutes in Sinnissippi Park and proceeded on when the custodian came up to the car and told them he was closing the park and they would have to leave. They left the park driving east on the State highway past the State Highway Police Station to the first turn to the left or to the north, then went north to the first turn and turned west and went down the road about three or four blocks when the car was stopped, at which point the unlawful acts complained of are alleged to have taken place. There is sharp conflict in the testimony as to just what occurred at this particular time. The prosecuting witness testified the defendants used force in accomplishing the unlawful acts while the defendants testified she willingly submitted to their advances, but aside from this there are undeniable circumstances connected with the affair which corroborate the testimony of prosecuting witness. She testified that after they passed the State Highway Police Station, William Hiddleson began to forcibly make improper advances; that she resisted and instructed the driver to take her home; that Hiddleson continued, and with one of the other defendants ordered Jones, who was driving, to stop the car, using language as to his intentions which is too indecent to be published. Further lewd and lascivious acts will not be detailed here.

It is admitted that, at the time of the alleged acts, prosecuting witness ran from the car, was overtaken by three of the defendants and brought back to the car, where, as she testified, further unlawful acts were committed. She again escaped, ran down the road and, while the defendants were looking for her, a car came along occupied by Donald and Ann Bartel, Vivian Hein, Viola Strock and

Irene Shaible, students of Sterling Township High School and Community High School. She ran towards it and they stopped and permitted her to get in. They all testified she was crying as she approached the car, and was in a hysterical condition, and remained so for a period of at least one hour. She made complaint to the occupants of the car, whom she recognized as school chums, and one of the witnesses, Irene Shaible, testified she said they had misused her body and that she wanted to go to the police station. Viola Strock testified her clothes were all mussed up and wrinkled and her hair was mussed up. She was immediately taken to the State Highway Police Station where she made complaint causing the arrest of the defendants. One George Billeaux, a radio operator of the Illinois State Police, testified that when she was brought to the station on the night of November 16, 1943, she was practically hysterical, her face was red, her clothing and hair mussed up and that she made a complaint as to physical abuse. She was also examined by a doctor who testified her injuries could have been caused by conditions such as she alleged.

Counsel for defendants urge that prosecuting witness testified falsely as to going into Sinnissippi Park when she was asked, upon examination, if they went into the park, and replied: "I don't believe we did." The evidence reveals the stop at the park was only of about five minutes duration and she might not have clearly recalled this slight circumstance in the ride in view of the violent acts committed upon her person shortly thereafter.

Counsel for defendants insist that where a conviction for rape depends upon the testimony of the prosecuting witness and defendants deny the charge, the testimony of the prosecutrix must be corroborated. This rule, however, does not apply where the testimony of the prosecutrix is clear and convincing. (*People* v. *Polak*, 360 Ill. 440; *People* v. *Sciales*, 345 Ill. 118.) Here, the uncontradicted tes-

timony of the injuries to the private parts of the prosecutrix, as testified to by the physician, are facts which were before the jury and tend to corroborate the testimony of prosecutrix. Further corroboration of her testimony was her complaint, when she suddenly appeared in front of a passing automobile, in the night time, with her clothing and hair in disarray, crying and in a hysterical condition, and stating they had misused her body, and asking to be taken to the police station.

In cases of a prosecution for rape, or for an assault with an intent to commit rape, it may be proved by the testimony of third persons that the prosecutrix made complaint to them, provided such complaint is made as soon as practicable, or without any inconsistent delay. This is an exception to the general rule that hearsay evidence is inadmissible. The law allows the exception upon the generous supposition that a woman thus wronged will be prompted to express her indignation at the injury inflicted upon her. The fact that the prosecutrix made a complaint immediately after the occurrence is allowed to be proved because it tends to corroborate her testimony as given on the trial.

The question before the jury for determination was whether the defendants, or the prosecutrix, told the truth. It is apparent the jury, in the discharge of that function, believed the prosecutrix and not the defendants. The jury, acting within the province committed to it, has passed upon the credibility of the witnesses and has determined the weight of the evidence. Unless this court can say, upon review of the whole record, that there is a reasonable doubt of guilt, the verdict of the jury will not be disturbed. No errors of law were assigned and we cannot, after a careful examination of the record, hold that the verdict of the jury was not justified.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*