(No. 28658.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERNEST J. ROGERS, Plaintiff in Error.

*Opinion filed September 19, 1945.*

ELLIS & WESTBROOKS, (W. CHESTER KITCHEN, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and C. D. PEMBERTON, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, Ernest J. Rogers, was indicted at the April term, 1944, of the criminal court of Cook county for the crime of incest. The indictment contained two counts both of which charged the plaintiff in error with having cohabited with his daughter. A plea of not guilty was interposed and the case was tried before the court without a jury. The plaintiff in error was found guilty and

sentenced to imprisonment in the Illinois State Penitentiary for a term of not less than four nor more than eight years. He has sued out a writ of error to review the judgment.

Many errors have been assigned but only three or four of them argued. The main complaint is that the evidence on the part of the People was not sufficient to establish the guilt of the plaintiff in error beyond all reasonable doubt.

Because of the offensive character of the evidence, we do not feel warranted in setting forth the detail of the testimony. The prosecuting witness testified that she was the daughter of plaintiff in error; that she was fifteen years of age; that her mother died in March, 1942; that on the date charged in the indictment, April 5, 1944, her father had intercourse with her, and that the same thing happened frequently between June, 1943, and April, 1944. She further testified that she lived in the same house and on the same floor with her father, her sister, her grandmother, her aunt, and sometimes her uncle James; that she often cried for help when her father bothered her, but no one ever came to her assistance; also, that her father took her to the doctor for treatment and the physician at different times inserted two different tubes in her private parts.

The plaintiff in error denied the testimony of the complaining witness, and stated that he never had or attempted to have any intercourse with or carnal knowledge of his daughter, but admitted taking her to the doctor's office on one occasion in April, 1944, when she was suffering with a cold.

The mother and sister of plaintiff in error testified that they both lived in the home and that the prosecutrix had never told them anything about her father mistreating her, but that she had been complaining of a cold and vomiting over a period of several weeks. James Rogers stated on the witness stand that he slept with his brother on the night of April 5, 1944. Martha F. Jackson, an assistant school

principal, testified that Mary's reputation for truth and veracity was bad and that she would not believe, her under oath.

The plaintiff in error urges with much insistence that where the defendant denies the charge, the testimony of the complaining witness must be corroborated by some other competent evidence in order to sustain a conviction. In *People* v. *Hiddleson,* 389 Ill. 293, this court said that where a conviction for a crime of this nature or kind depends upon the testimony of the prosecuting witness, and the defendant denies the charge, "the testimony of the prosecutrix must be corroborated. This rule, however, does not apply where the testimony of the prosecutrix is clear and convincing. *People* v. *Polak,* 360 Ill. 440; *People* v. *Sciales,* 345 Ill. 118."

In the present case, the undisputed evidence that the complaining witness was sick with a cold and vomiting spells during the month of April, 1944, the character of the treatment administered her by the doctor, and the fact that the doctor was not called as a witness to contradict her story are incidents which tend to strengthen the testimony of the prosecutrix. The record shows that the doctor in question, at the time of the trial, was under indictment and his case pending in the criminal court of Cook county, so that the State was precluded from calling him as a witness.

The plaintiff in error further contends that on the trial the State's attorney resorted to unfair and improper methods to secure a conviction. He complains chiefly that the State was permitted to ask leading questions on material matters in order to prove its case. The record does not show any objection made to the form of examination.

Plaintiff in error insists that because of the above alleged errors and some inconsistency in the answers of the complaining witness, he did not receive a fair and im-

partial trial as guaranteed by the constitution. We think the youth, inexperience and the apparent reluctance of the prosecutrix to relate details accounts for any variation in her testimony.

The controlling problem for the trial judge was to determine whether the complaining witness or the plaintiff in error was telling the truth. In his manner of conducting the trial, in the care with which he interrogated the witnesses, and in the freedom from error in the record, we feel that the plaintiff in error was afforded a fair and impartial trial. While the evidence was entirely conflicting, the trial court, after seeing and listening to the witnesses, found the plaintiff in error guilty. Under the circumstances shown by this record, the law committed to the trial judge the determination of the credibility of the witnesses and the weight to be accorded their testimony, and where the evidence is merely conflicting this court will not substitute its judgment for that of the trial court unless satisfied that there is a reasonable doubt as to the guilt of the accused. *People* v. *Mangano,* 356 Ill. 178.

The judgment of the criminal court of Cook county·is affirmed.

*Judgment affirmed.*