(No. 30736.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROLAND ANDERSON, Plaintiff in Error.

*Opinion filed March 24, 1949—Rehearing denied May 11, 1949.*

CAPELLE H. DAMRELL, (C. A. CAPLOW, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, MELVIN S. REMBE, W. S. MIRO-SLAWSKI, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

By the verdict of a jury in the criminal court of Cook County plaintiff in error, hereinafter called defendant, was found guilty of having committed rape upon a female fifteen years of age, and the punishment was fixed at five years in the penitentiary. He has sued out this writ of error to reverse the judgment entered on the verdict.

The prosecutrix testified that on the evening of July 6, 1947, she and her girl companion accepted an automobile ride from defendant and another young man, both of whom were strangers. About two hours later, prosecutrix's companion was taken to her home, and prosecutrix was told she would be taken to the bus. Instead of allowing her to alight at the bus line, however, defendant proceeded

farther to a side road where he stopped his automobile and forced her to have sexual intercourse with him. After they had passed the bus line prosecutrix screamed and waved her arms to attract attention of others on the street, without success, and after arriving at the scene of the crime she made several futile attempts to escape. Prosecutrix arrived home about 1 o'clock A.M. and told her mother she had something to tell her but that it could wait until morning. A 7 o'clock that morning she complained to her mother of the occurrence and gave her the license number and a description of the automobile.

Prosecutrix's companion corroborated that part of the testimony relating to the period before she was taken to her home, and a physician testified that on July 9 an examination of prosecutrix disclosed a perforated hymen which bled easily.

Defendant introduced evidence of a good moral reputation in the community. His mother-in-law testified that she saw him and his wife in an ice-cream parlor at about 10:30 in the evening of July 6. Defendant's mother, with whom he and his wife resided, testified he went out with his wife at 7 o'clock that evening and returned with her at about 10:45 P.M. Both the defendant and his wife testified that they attended a motion-picture theater together on the evening of July 6, returning home about 10:45 and retiring about 11:30. Defendant denied having seen prosecutrix or her companion on July 6, and denied having had any relations with her.

It is first contended by defendant that the evidence is insufficient to support the verdict. The testimony introduced by the defendant is in hopeless conflict with that of the prosecution. In cases of this nature there is seldom a disinterested eyewitness, and the only direct evidence is that of the interested parties. In determining the credibility of a particular witness, therefore, the presence or absence of a motive for bias becomes an important factor.

The jury may well have considered it significant that no person other than his relatives testified on defendant's behalf as to his whereabouts on the evening in question. The decision whether the prosecutrix or the defendant told the truth is primarily the function of the jury, and the jury obviously believed the former. Unless this court can say, upon review of the whole record, that there is a reasonable doubt of guilt, the verdict of the jury will not be disturbed. (*People* v. *Hiddleson*, 389 Ill. 293.) We cannot on this record hold that the verdict was not justified.

It is next urged that the verdict is ambiguous and the judgment therefore void. The indictment upon which defendant was tried contained three counts, and the verdict read in part as follows: "We, the jury, find the defendant Roland Anderson guilty of rape, in manner and form as charged in the *one* count of the indictment . . ." Defendant's objection is that it cannot be determined from this verdict upon which of the three counts defendant was found guilty; that "one" count may refer to the second or third count as readily as to the first. There is no merit in this position. It is apparent that "the *one* count" refers to count number 1. The intention of the jury is readily ascertainable from an inspection of the verdict.

Defendant further maintains that the giving of instruction No. 12 was prejudicial to him. Defendant was tried together with a codefendant Max Mosher, the other male occupant of his automobile. The instruction related to the codefendant, and contained a definition of "aiding and abetting" in the perpetration of a crime. Defendant complains of the statements therein that "It is not sufficient that there is a mere negative acquiescence not in any way made known to the *original malefactor*. The mere presence of a person at the commission of a crime is not sufficient to constitute him a principal, unless there is something in his conduct showing a design to encourage, incite, or in some manner aid, abet or assist *the actual perpetrator*

*of the crime."* (Emphasis supplied.) The contention is that the jury would be led to infer from this that the judge considered defendant the "original malefactor" and "the actual perpetrator of the crime." The instruction is not open to this objection. It makes no reference to defendant, either by name or otherwise. In this it differs from that in *People* v. *O'Connor,* 295 Ill. 198, cited by defendant in support of his contention. In that case the instruction concerning the codefendant stated in part "it is not sufficient that there be a mere negative acquiescence not in any way made known to the defendant O'Connor." This is clearly distinguishable from the present instruction. The court may assume facts as proved which the uncontroverted evidence shows to be true. There is no doubt, therefore, that rape was committed by someone. The phrases "original malefactor" and "actual perpetrator of the crime" have no tendency to identify defendant as such person. There was no error in giving this instruction.

It is finally argued that portions of the closing argument of the State's Attorney and certain comments of the judge were prejudicial to defendant and deprived him of a fair trial. The prosecutor, in his address, remarked "So you had a virginal girl, a baby, despoiled and deflowered by a couple of brutes." The court overruled defendant's objections, saying: "It is a proper inference." In his argument the prosecutor further observed: "This is not a case of a tavern rape. This is a rape of a little girl, a baby. That term can be compared to you as a loving cup, a parent's entity, into which is poured the wine of everything that Mr. and Mrs. * * * [the parents] are or hope to be." To an objection by defendant the court replied: "I will overrule the objection. I think the deductions are proper if the testimony of the witness is to be believed." Defendant urges that these and similar remarks of the prosecuting attorney tended to inflame the emotions

of the jury, and that the comments of the judge following his rulings tended to influence the jurors in arriving at their verdict. It is impracticable to formulate precise rules as to what is proper argument to a jury and what remarks of a trial court in ruling upon objections exceed the bounds of propriety. Each case must generally be determined upon its own facts. While it is improper for the prosecutor to make statements the only effect of which is to inflame the passions or arouse the prejudices of the jury without throwing any light upon the issues, he nevertheless has a right to denounce the defendant as guilty of the crime charged if the evidence fairly tends to prove his guilt, to draw inferences unfavorable to defendant if based on the evidence, and, under such circumstances, to reflect unfavorably on the defendant and denounce his wickedness. (*People* v. *Reed,* 333 Ill. 397, 418-419.) We think the complained-of portion of the prosecutor's language was permissible in explaining or clarifying the evidence, and it is not of such character as to demand or justify a reversal of the judgment. While the comments of the court should be made with extreme caution in such cases, they did not in our opinion disclose a hostile attitude toward defendant or prejudice his rights. It is not, of course, the province of the court to express any opinion upon the facts. The decision as to such matters is the function of the jury. But the court, in accompanying its rulings with the statement that the particular inference or deduction was a proper one, did not thereby express to the jurors an opinion that they should adopt such inferences or deductions. The remarks were not so prejudicial to defendant as to require a new trial.

The judgment of the criminial court of Cook County is affirmed.

*Judgment affirmed.*