(No. 34735.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES McKINZIE, Plaintiff in Error.

*Opinion filed December 16, 1959.*

GEORGE B. COLLINS, and J. C. DOWBEN, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and

Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, and William H. South, Assistant Attorneys General, and Francis X. Riley, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Bristow delivered the opinion of the court:

James McKinzie was convicted in the criminal court of Cook County of raping a twenty-eight-year-old married lady. The jury fixed the penalty at life imprisonment. He seeks reversal of the judgment entered on that verdict, claiming that he was not guilty of rape, but rather just plain commercial adultery. The prosecuting witness relates one story and the defendant a completely different one.

The prosecutrix testified as follows: She left her apartment, in which remained her husband, about 10 o'clock on the night of December 24, 1955, to purchase a package of cigarettes at a neighborhood drug store. When leaving the store on the corner of Fifty-ninth and Wentworth Avenue, she was accosted by defendant who held a knife at her throat and forced her to accompany him to his apartment more than three blocks away. Defendant lived in a one-room apartment on the third floor of a building housing more than 150 tenants. Being threatened with a knife constantly she was forced to have intercourse with him five times. The defendant said it was only three times. They were together about 11 hours, she being released on Christmas morning at about 9:00 A.M. She went to the Englewood Police Station about 9:30 A.M. and there met officer Hackel and submitted her rape complaint, and she was then sent to the County Hospital for examination. She went home to her husband late in the afternoon on Christmas day. Since the examining physician did not testify at the trial, it is fair to infer that the excesses of the night before left no evidence of physical harm.

The defendant testified that he met the prosecutrix at 6:00 P.M. in a tavern at 599 South Wentworth Avenue;

that she was sitting at the bar drinking and after a brief conversation and a few drinks, the defendant made a deal with her to go to his apartment and have sexual intercourse for the sum of $5. It is defendant's contention that prosecutrix, instead of resisting, was most cooperative; that instead of being forced to come to his apartment at the point of a knife she did so because of the consideration involved.

From these conflicting stories emerges the important inquiry, was the prosecuting witness raped?

After the police learned of the complaint they toured the neighborhood and located the apartment building, and, in company with prosecutrix, went to defendant's apartment where she had spent the night, but defendant was not there. Early the following morning the police returned, found the defendant home and partly dressed. He was placed under arrest for rape and was questioned. He admitted that he had intercourse with prosecutrix but contended that she did not resist. When he was asked about the knife, he said that he never used a knife and did not own a knife. However, upon search of defendant's apartment, the officers found a knife which the prosecuting witness said was the one used by the defendant. While the fact that prosecutrix was not bruised or damaged physically, or that she appeared to have become reconciled to the situation rather quickly, does not destroy the validity of the rape charge, it does bear upon its credulity.

Police officer James Micus then canvassed the neighborhood taverns in the locality involved, questioned the employees regarding the presence of the defendant and prosecutrix at the time in question, but found no one to sustain defendant's story. Then the officer reported the result of his investigation to the defendant, whereupon the defendant changed his story and said that he had met the prosecutrix on the street in front of the tavern but adhered to

the balance of his explanation that it was $5 that brought about his relationship with the prosecuting witness.

The defendant, testifying in his own behalf, stated that he was 30 years old and that he had come to Illinois from Mississippi about five years before the date of the offense; that he had spent 18 months in the penitentiary in Alabama for burglary when he was a boy but that he had never been in trouble since that time. On rebuttal the State produced a witness who testified that prosecutrix was in her apartment baby sitting or taking care of witness's children until 9:30 P.M. on the evening of December 24.

It is claimed here that defendant's guilt was not proved beyond a reasonable doubt; that defendant's counsel was incompetent in that he permitted hearsay evidence to be introduced without objection; and that he was not familiar with the method of proving a record of conviction of the prosecuting witness of an infamous crime so that her credibility might be impeached under section 7 of division II of the Criminal Code. Ill. Rev. Stat. 1957, chap. 38, par. 587.

We will consider whether defendant was proved guilty beyond a reasonable doubt. Reviewing courts are especially charged with the duty to carefully examine the evidence in rape cases, since accusation of rape is easily made, hard to be proved and still harder to be defended. (*People* v. *Scott,* 407 Ill. 301.) However, the verdict of the jury in a rape case will not be disturbed unless we can say upon a review of the whole record that there was reasonable doubt of the defendant's guilt. *People* v. *Anderson,* 403 Ill. 128.

The record before us leaves many questions bearing on this alleged rape unanswered. During the eleven-hour period that the parties were together, the prosecuting witness used the toilet which was located off the general hallway several times. The building housed more than 150 tenants, yet she neither cried out nor otherwise endeavored to obtain help and rescue from her alleged abductor. And, even though

she was released at 9 A.M. on Christmas Day, she did not go home to her husband until late in the afternoon. Yet the record fails to disclose any effort on his part to find or locate her during this time.

In view of these and other deficiencies of the proof surrounding this alleged rape, we cannot hold that the evidence before us is sufficient to establish the guilt of the defendant beyond all reasonable doubt. The judgment of the criminal court will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*