(No. 38375.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT EARL, Plaintiff in Error.

*Opinion filed January 25, 1966.*

ARVID C. JOHNSON, of Chicago, appointed by the court, for plaintiff in erorr.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and ELMER C. KISSANE and ALBERT J. ARMONDA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Robert Earl, after a bench trial, was convicted of murder and sentenced to a term of 14 to 20 years in the penitentiary. He contends error was committed (1) by denial of his petition to sever his cause for trial from that of a co-defendant, Vernon Cocroft, who had made a statement which implicated him; and (2) by the denial of his motion to suppress his confession as being involuntary.

The badly beaten body of Oliver Griffin was found lying in a gangway at 1648 South Pulaski Road in Chicago at 6:30 A.M., October 30, 1961. He died shortly thereafter in a hospital, having suffered a fractured skull and subdural

hemorrhage. Defendant and co-defendant were charged with the crime of murder on March 13, 1962.

After his arrest co-defendant Cocroft made a statement that at the time of the killing of Griffin, he and Earl were together; that Earl put a revolver to the man's neck; that the deceased cut Earl with a knife, whereupon Earl took him to the gangway from where Cocroft could hear fighting. He stated that Earl came out of the gangway with deceased's coat and a handful of change. Cocroft said he took no part in the beating, had no weapons and received none of the money.

Defendant contends that this statement implicating him as a co-defendant where the two are jointly indicted was so prejudicial as to entitle him to a separate trial unless the State declared it would not offer it in evidence or unless all reference to him was deleted.

The general rule is that persons jointly indicted shall be jointly tried. A separate trial is not a matter of right but is in the discretion of the trial judge. Denial of a motion for separate trial is not reversible error in the absence of an abuse of discretion. (*People* v. *Lindsay,* 412 Ill. 472.) In this case the trial judge granted defendant two separate opportunities to show how a joint trial would prejudice him.

The written statements of the co-defendant, Cocroft, were made in Earl's presence, so no surprise could be claimed by Earl as to the contents of the statement. Further, copies of the statements were presented to Earl at the arraignment. Earl's own statement contained the same facts. The court ruled that Cocroft's statements were not admissible against Earl. This was a bench trial. We cannot presume that the court improperly considered Cocroft's statements against Earl, but must presume that he made his finding only upon competent evidence. *People* v. *Cox,* 22 Ill.2d 534; *People* v. *Grabowski,* 12 Ill.2d 462.

This case is similar to that of *People* v. *Lindsay,* 412 Ill. 472, where we held for the same reasons the court did

not abuse its discretion. Hence, we cannot here say the court abused its discretion in refusing a severance for the reasons assigned.

Earl contends further that it was error to deny his motion to suppress his confession. He testified that on October 27, 1961, he was attacked and robbed by a group of boys. He complained to the police but the boys were not caught. On March 12, 1962, he went to the Fillmore police station and told the desk sergeant that he knew something about the murder. From 11:00 A.M. to 8:00 P.M. he and several officers went to a number of taverns looking for the boys Earl had described to the police as having killed Griffin. Defendant also showed the officers the place where he said the attack had occurred. At 8:00 P.M. a call came in that some boys were being held at the police station. Earl accompanied the officers back to the station and then went home. At about 1:00 A.M. on March 13, two officers came to his home and took him to the Maxwell Street police station where he identified co-defendant Cocroft. What occurred after that time is disputed. Defendant Earl says he was questioned, punched, kicked and threatened by the police and that one of the boys held was brought in and beaten in his presence. He then made a statement which was the same that he had made earlier. He stated that he had no food and no sleep. He further testified that he was taken into a small room and beaten until he agreed to sign a statement. At about 9:40 A.M. he was handed two statements which he signed and he then realized the second one was different from the first since it described a murder. At 5:00 P.M. that day he was made to sign another statement without reading it. At 7:30 P.M., an assistant State's Attorney arrived and took another statement. Earl stated he was given no food until 8:30 P.M., and was not permitted to call anyone.

The police officers testified no one punched, beat or struck Earl. The police stenographers testified there was no

coercion or violence. Others testified to the same effect. The court denied the motion to suppress the confession.

Many factors must be considered, in cases where confessions are offered in evidence, to determine whether they were freely and voluntarily made. Some of these include familiarity with the English language, age, mental ability, and length of interrogation. In each case a determination based upon such factors should be left to the trial judge. *People* v. *Albers,* 360 Ill. 73.

The record discloses that defendant is a 32-year-old adult of at least average intelligence. He received a grammar school education. He, on the one hand, admits he lied to the police, and, on the other, accuses them of trickery in substituting one confession he made for another, while also charging brutality. The duration of his detention until he signed the statement of confession was only a few hours when one considers that the prior time which elapsed was a time he voluntarily assisted police in searching for the robbers.

Earl was not deprived of the necessities of life, as he was permitted to sleep from 2:00 A.M. until 7:30 A.M. on March 13. He requested a bottle of wine but was instead given coffee and a sweet roll. Later, he was brought food by his girl friend.

There is no evidence other than that of Earl himself that his statement was other than voluntary. Earl did not request an attorney, and the failure of the police to advise him of his right to an attorney did not render the confessions inadmissible. *People* v. *Hartgraves,* 31 Ill.2d 375; *People* v. *Kees,* 32 Ill.2d 299; *People* v. *Lewis,* 32 Ill.2d 391 ; *People* v. *Golson,* 32 Ill.2d 398.

From a careful examination of the record, we are convinced that there was ample evidence to sustain the trial court's determination that the confession was voluntary.

Finding no reversible error, we must affirm the conviction.                    *Judgment affirmed.*