(No. 39604.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VERNON COCROFT, Plaintiff in Error.

*Opinion filed March 29, 1967.*

Ward, J., took no part.

Robert D. Ready, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

Defendant, Vernon Cocroft, 17, and a co-defendant, Robert Earl, 32, were jointly convicted of murder in a bench trial. We affirmed Earl's conviction in *People* v. *Earl,* 34 Ill.2d 11.

On this writ of error Cocroft contends that the trial court erred in holding his two confessions admissible in that they were not properly obtained, considering his age, experience and education; and that "Chief among the improprieties was the withholding of food and sleep from the defendant; the failure to allow the defendant to phone his relatives; the use of a subterfuge to trick the defendant into signing the first of the two confessions; and the failure to record all that was said at the second of two confessions."

The facts in the case disclose that at 6:30 A.M. October

2, 1961, Oliver Griffin was found unconscious in a gangway at 1648 South Pulaski Road in Chicago, the victim of a brutal beating. He died shortly thereafter, having suffered a fractured skull and subdural hemorrhage.

Subsequently, on March 12, 1962, co-defendant, Robert Earl, contacted Chicago police officers and told them that he had overheard a Negro talking about a murder which had occurred in the 1600 block of South Pulaski Road. He said he did not know the man but had seen him often around 16th Street and in the vicinity of Roosevelt Road. The officers drove Earl through the area at different times during that day and then met him that evening to resume the search. During this period they received a radio call to go to the Fillmore police station where Earl identified defendant Cocroft as the man they were seeking.

Cocroft was taken to the Maxwell Street station, headquarters of the homicide unit, and questioned with Earl when the first statement was taken and which both signed. Subsequently, each made a second separate statement. They were jointly indicted, tried for and convicted of the murder of Griffin. Cocroft, represented by counsel of his own choosing, and Earl, represented by the public defender, moved to suppress the joint confession and the subsequent confessions each had made. After a joint hearing, these confessions were ruled admissible. Earl's testimony regarding the first confession is adequately summarized in *People* v. *Earl,* 34 Ill.2d 11, 14, and need not be repeated here. Cocroft's testimony, similar to Earl's, was to the effect that he was questioned, punched, kicked, and threatened by the police from about 9:00 P.M. on March 12 to about 9:30 A.M. the following day when he signed the first statement; that during all this time he was denied food, drink and cigarettes; that he was not allowed to call any members of his family, although he had given the police their names and addresses; that his second confession was given about 7:30 P.M. to an assistant State's Attorney and, during the time intervening,

he was not physically abused but was still denied food, drink, cigarettes, and the opportunity to call his parents. Cocroft also testified that he was tricked into signing the first confession because he was led to believe it was a statement made by Earl describing an assault and robbery. He charged that police officers substituted the murder confession for Earl's statement pertaining to the alleged assault and robbery.

The State's witnesses denied that the defendant was punched, kicked, threatened or abused, and the trial court accepted this testimony. We find no basis in the record for disturbing its judgment in this regard.

We consider defendant's arguments *seriatim*. As to his first allegation that special consideration should have been given his age, education and experience at the hearing on the motion to suppress, we agree. (*People* v. *Nemke,* 23 Ill.2d 591; *People* v. *Hall,* 413 Ill. 615.) The proof established that defendant was 17 years old and had an eighth grade education. His testimony was lengthy and his cross-examination substantial, thereby affording the trial court sufficient opportunity to observe and evaluate his age, education, intelligence, experience and ability to comprehend the significance of his statements. We find that the trial court did not abuse its discretion in weighing the testimony and competence of the defendant, and we hold that the mere facts that defendant was a minor and had an eighth grade education did not make the confessions incompetent *per se,* although they were attendant circumstances to be considered in determining the voluntariness and admissibility of his statements. *Haynes* v. *State of Washington,* 373 U.S. 503, 10 L. Ed. 2d 513, 83 S. Ct. 1336.

Cocroft next argues that he was denied food and sleep thereby making his confessions involuntary. His testimony was controverted by that of the police officers, including officer Lenz called by defendant as his witness. From the evidence adduced, the trial judge could have believed the

testimony of the police officers rather than that of the defendant and Earl. We cannot therefore say that his finding was against the manifest weight of the evidence and we hold that there was no error in that regard. *People* v. *Meyers*, 35 Ill.2d 311.

Cocroft also maintains that the confessions were inadmissible because he was detained for an unreasonable period on a minor charge and was not permitted to notify his parents or relatives. Although originally arrested on a "loitering" charge, he was identified by Earl as being involved in the murder charge within a short time after he was taken into custody. The police had not only the right but the duty to detain him and we find that the statements were made within a reasonable time thereafter. We further find that the evidence does not sustain his contention that he requested the use of a phone or that his parents and relatives be notified.

Defendant also accused the police of tricking him into signing the first confession, thereby making this statement involuntary and his subsequent confession inadmissible. However, we note that the defense did not raise this issue at the hearing on the motion to suppress nor in the trial of the case. In addition, the testimony of officer Lenz, who was called as defendant's witness and was present when Cocroft signed the statement, is devoid of any facts that would suggest that there was any subterfuge or substitution involved. We have only defendant's testimony during cross-examination at the trial and that of Earl (who admitted lying to the police) suggesting trickery.

Finally, defendant contends that, since a certain "off the record" discussion during the taking of the second confession was unrecorded and could not be recalled by the State's witnesses, the entire statement should have been excluded. There is nothing before us to indicate the nature of any such "off the record" discussion; nor does the defendant disclose the materiality of any remarks he claims are not

24

contained in the statement. We find this contention untenable.

It is our opinion that the trial court committed no error in allowing the admission of the confessions. The judgment of conviction is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.