(No. 39578.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER MARION ADAMS, Plaintiff in Error.

*Opinion filed November 22, 1968.*

JAMES E. BUCHMILLER, of Greenville, appointed by the court, for plaintiff in error.

Mr. JUSTICE WARD delivered the opinion of the court:

The plaintiff in error, Walter Marion Adams, was convicted in October, 1958, of burglary and larceny after a jury trial in the circuit court of Clinton County and sentenced to a term of 10 to 20 years. The case is here on a writ of error. See Rule 602.

In the early hours of Sunday, June 1, 1958, the Dairy Haven, a frozen custard-sandwich shop in Trenton, was forcibly entered. A cigarette machine was broken open and the cigarettes removed. The coin receptacle on a juke box was broken open and the coins placed in a sack. However, the burglar was interrupted by a police car's pulling in front of the Dairy Haven and only a small amount of money from the cash register was actually taken from the shop. The burglar fled but was taken into custody a short distance from the building. Immediately after examining the burglarized premises, and shortly before the defendant's apprehension, an automobile with the keys in it was observed by the police on a dead end street at the rear of the Dairy Haven building. The police ascertained through a radio inquiry to the State police that the auto had been stolen. When it was searched police found several tires, a suitcase filled with cigarettes of assorted brands, letters addressed to the defendant and a guitar, which it was determined, also belonged to him. When defendant, a parolee, was arrested, according to police testimony, he readily admitted the burglary and, denying he had a partner in the crime, said: "I don't trust anybody; I work alone." When questioned about the auto, it was testified, the defendant replied: "I didn't steal it; I took it. The keys were in it. I just took it."

The defendant complains here that the search of the vehicle without a warrant was illegal. However, this protest against the search cannot now be considered. No challenge to the search and seizure was made in the trial court and we will not entertain such a challenge where the question was not properly raised in the trial court. *People* v. *Harris,* 33 Ill.2d 389, 390, and cases cited.

It is asserted, too, that oral "confessions and admissions" which the defendant made to the police upon his arrest were improperly introduced at the trial; because he had not first been apprised of his rights to remain silent and to the assistance of counsel. The claim is untenable. The trial here took place in October, 1958, and the Supreme Court has held that the rights contended for were made available only to the defendants whose trials commenced after June 13, 1966, the effective date of that court's decision in *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. (*Johnson* v. *New Jersey,* 384, U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772; see *People* v. *Kirk,* 36 Ill.2d 292.) In cases which are not governed by the mandate of *Miranda* the absence of the benefit of counsel and the failure to advise an accused of his right to remain silent are significant but only attendant factors to be considered in determining the voluntary nature of his statements. (*People* v. *Hartgraves,* 31 Ill.2d 375; *People* v. *Kees,* 32 Ill.2d 299; *People* v. *Jackson,* 35 Ill.2d 162, 168; *People* v. *Hester,* 39 Ill.2d 489, 498-499.) The voluntary character of the defendant's statements to the police is not questioned here nor was it in the trial court.

The claim that the trial judge erred in excepting the sheriff of Clinton County, Henry Klutho, who was one of several investigating officers, from its order excluding witnesses from the courtroom has no merit. Our statement in *People* v. *Mack,* 25 Ill.2d 416, at page 422, illustrates this. "[T]he defendant has no absolute right to have witnesses excluded (*People* v. *Reed,* 333 Ill. 397), and * * * the

power to exclude witnesses is within the sound discretion of the trial court. (*People* v. *Strader,* 23 Ill.2d 13.) It is a common practice for a trial court, in granting a motion to exclude witnesses, to except, at the request of the State's Attorney, one witness for the People, frequently but not always, one of the arresting officers." (Accord, *People* v. *Scott,* 38 Ill.2d 302, 306; *People* v. *Miller,* 26 Ill.2d 305, 307; *People* v. *Chennault,* 24 Ill.2d 185.) We cannot observe any abuse of discretion or prejudice to the defendant from the trial court's exception of the sheriff from its order of exclusion.

Asserting each as a separate ground for reversal, the defendant also maintains (1) that the prosecution frequently asked leading questions of its witnesses; (2) that repeated references in testimony were made that the auto which was found near the scene of the crime and which was shown to be in Adams's possession at the time was a stolen car; and (3) that a police officer is not competent to testify to his opinion based on police experience, as two officers did here, that marks which they observed on the side of the building concerned were caused by the shoes of a person in the act of climbing. The validity of these claims of error will not be considered. None of these three points were preserved for review by proper objections in the trial court. The failure to present proper and timely objection generally constitutes a waiver of error, if any. This rule has been held applicable on review to claims of error concerning challenges to leading questions (*People* v. *Rogers,* 391 Ill. 264, 266), evidence relating to extra-indictment offenses (see, *e.g., People* v. *Prohaska,* 8 Ill.2d 579, 588, 589; *People* v. *Crowe,* 390 Ill. 294, 302, 303), and the competency of evidence generally. See, *e.g., People* v. *Trefonas,* 9 Ill.2d 92, 98, 99; *People* v. *Williams,* 28 Ill.2d 114.

The defendant finally contends that the report of trial proceedings is incomplete, as it does not contain the ex-

hibits received in evidence and he apparently urges that he suffers prejudice from their omission. There is no merit in this argument. The inclusion of the exhibits was not requested in the *praecipe* filed and it does not appear that any effort was made to procure them for possible use here. The exhibits, which incidentally were presented in evidence without objection, are adequately described in the record and considering their character we cannot perceive how they could meaningfully help in the presentation of the issues raised here. See *People* v. *Schallman*, 273 Ill. 564, 572.

Therefore, the judgment of the circuit court of Clinton County is affirmed.

*Judgment affirmed.*