THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WARDELL REDMAN, Defendant-Appellant.

(No. 53778; )

First District—July 15, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Lee T. Hettinger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant was indicted for the murder of Manuel Morris. He was tried before a judge sitting without a jury who found him guilty of voluntary manslaughter (Ill. Rev. Stat. 1967, ch. 38, sec. 9—2), and sentenced him to a term in the penitentiary of from three to ten years.

Defendant appeals that conviction and urges this court to reverse upon the following bases: (1) The State failed to prove beyond a reasonable doubt that when the defendant shot the deceased he was unreasonable in his belief that he was in danger of death or great bodily harm. (2) Evidence admitted at trial was prejudicial to defendant. (3) Defendant was denied effective assistance of counsel when a witness was not called in defendant's behalf.

We affirm.

Defendant shot and killed Manuel Morris in a Chicago tavern known as the Famous Door Lounge on the afternoon of March 30, 1968. Defendant testified that on the evening preceding the shooting he and Morris had been involved in an argument involving a dice game. Defendant, feeling tired, picked up his dice and proceeded to leave when he was challenged by Morris, a participant in the game. They went out of earshot of the other players, and according to defendant, Morris pulled a knife on him and threatened him. Defendant claims he was in great fear of Morris, because Morris told him that he had once served time in Mississippi penitentiary for "cutting a man."

On the afternoon of the shooting, defendant entered the Famous Door Lounge and approached Mrs. Betty Morris, the wife of the deceased. Defendant told her that he and the deceased had argued on the previous evening. Thereafter, defendant went into the washroom and began to shoot dice with some other men.

Manuel Morris entered the tavern a bit later in the afternoon. He spoke briefly with his wife and then entered the washroom. He said nothing while there, left the washroom, and began to walk toward the front door. He then turned around, entered the washroom again, and

snatched up the dice that defendant had just thrown. Without a word, he exited the washroom.

At this point there is some conflict in the testimony. Defendant testified that he followed Morris out of the washroom and said, "Say, give me my dice back." Morris allegedly then turned around and said, "M— F— I am tired of you f— with me." He then took his knife from his pocket, and started toward defendant with a "vicious" look on his face. Defendant claims that only then did he pull out his automatic pistol and fire once hitting Morris who fell to the floor. Defendant testified further that he went over to help Morris after he shot him.

The State's three witnesses, however, gave a different version of the facts. They testified that defendant exited the washroom shortly after Morris, and was holding a pistol in his hand at that time. When Morris turned around, defendant shot him. Morris fell to the floor, and defendant stood over him mumbling and trying to fire another round at him. Deceased had no weapon in his hands, only a smoking pipe and lighter. He had only a small (1¼") penknife in his pockets.

■■ Defendant's defense during the trial and alleged again on appeal is that, while he did shoot and kill Morris, he was acting in self-defense. He argues that the State failed to prove beyond a reasonable doubt that when defendant shot the deceased, he was unreasonable in his belief that he was in danger of death or great bodily harm from the deceased. This argument arises out of the fact that defendant was convicted of the lesser included crime of voluntary manslaughter which is defined as either: a) the killing of an individual under sudden and intense passion resulting from serious provocation from the deceased or another whom the offender endeavors to kill, but negligently or accidently causes the death of the individual killed (Ill. Rev. Stat. 1967, ch. 38, sec. 9—2 (a) ), or b), the offender believes that at the time of the killing circumstances exist which would justify or exonerate the killing, but such a belief is unreasonable. (Ill. Rev. Stat. 1967, ch. 38, sec. 9—2 (b).) It is this latter definition of voluntary manslaughter to which the defendant addresses himself, basing his argument on Ill. Rev. Stat. 1967, ch. 38, sec. 7—1, which reads as follows:

> "A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony."

■■ When a defendant is charged with murder, a possibility of a finding of voluntary manslaughter is always before the court. The defendant can be found guilty of the lesser included offense if the evidence supports such a finding. (*People v. Gajda* (1967), 87 Ill.App.2d 316, 232 N.E.2d 49; *People v. Green* (1962), 23 Ill.2d 584, 179 N.E.2d 644.) Whether or not a defendant's actions are justified under the law of self-defense is a question for determination by the trier of fact, and this court will not disturb a finding of voluntary manslaughter unless the evidence below was so unsatisfactory or improbable as to leave a reasonable doubt of the guilt of the defendant. *People v. Pena* (1966), 72 Ill.App.2d 305, 219 N.E.2d 667; *People v. Colson* (1966), 70 Ill.App.2d 447, 217 N.E.2d 348; *People v. Adams* (1969), 113 Ill.App.2d 205, 252 N.E.2d 35.

A careful examination of the record discloses ample evidence to support a finding of voluntary manslaughter in that even if the defendant believed himself to be acting in self-defense, his belief was unreasonable. Although defendant testified that he did not draw his pistol until Morris drew a knife and began to come toward him with a "vicious" look on his face, two other witnesses testified that defendant had in fact drawn his weapon prior to when Morris turned around, and was pointing the pistol at Morris when he did turn around. Furthermore, two other witnesses testified that Morris never did start toward the defendant, but rather was shot where he stood. They testified that, rather than a knife, Morris had a smoking pipe and lighter in his hands. No evidence was introduced which would lead us to believe that even if Morris did have a knife, defendant could not have retreated into the washroom.

Although defendant might have harbored a great fear of Morris, that in itself does not impart reasonableness to defendant's interpretation of the facts surrounding the shooting nor to the conclusion of imminent danger which defendant drew from those facts.

The Illinois Supreme Court stated in *People v. Jordon* (1960), 18 Ill.2d 489, 492, 165 N.E.2d 296:

> "In order that a killing be justified on the grounds of self-defense it must appear that the danger was *so urgent and pressing* that in in order to save the defendant's own life or to prevent his receiving great bodily harm the killing of the other was *absolutely necessary* and it must appear also that the person killed was the assailant * * *." (Emphasis added.)

In the case at bar, the danger was not urgent and pressing in that testimony established that Morris made no aggressive move toward defendant after he exited the washroom. For the same reason, it would be difficult to designate Morris the assailant. Furthermore, defendant did not necessarily have to shoot Morris, for he still might have retreated to the

washroom to avoid possible confrontation. Thus, although defendant may have believed that he was acting in self-defense, such a belief was unreasonable.

The defendant next alleges that he was denied a fair trial when the prosecution elicited testimony that the defendant carried a pistol on another occasion. However, an examination of the record shows that defendant registered no objection either then or later when the testimony was alluded to by the prosecutor in his closing argument. Objections not having been raised below, the issue is waived on appeal. (*People v. Adams* (1968), 41 Ill.2d 98, 242 N.E.2d 167, *People v. Hampton* (1969), 44 Ill.2d 41, 253 N.E.2d 385.) Furthermore, when a trial takes place before a judge, there is a presumption that he made his findings only upon competent evidence. *People v. Earl* (1966), 34 Ill.2d 11, 213 N.E.2d 556.

■■ Finally, the defendant argues that he was denied effective assistance of counsel when defense counsel failed to call a witness who would have allegedly testified that he saw a knife in Morris's hand just before he was shot. Counsel stated to the court that the trial proceeded more quickly than he had anticipated, and thus he had not issued a subpoena for the witness. He had been up until early in the morning attempting to locate the man but was unsuccessful. He made an offer of proof that if the witness were to be called, he would testify that Morris had a knife in his hand when shot.

A conclusion of inadequate representation of counsel can be reached only by demonstrating actual incompetence of counsel and a showing of substantial prejudice. (*People v. Harper* (1969), 43 Ill.2d 368, 253 N.E.2d 451.) The question of adequate representation is to be determined upon all of the facts and circumstances of the case. *People v. Bailey* (1966), 76 Ill.App.2d 310, 222 N.E.2d 268.

The record before us demonstrates that, far from being incompetent, counsel presented a diligent and intelligent defense at trial. He did all he could to get the witness in question before the court, and when he was unsuccessful, he informed the court of the evidence which would have been introduced had the witness testified. We, therefore, find that defendant was adequately represented by counsel.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.