824

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE PATTERSON, JR., Defendant-Appellant.

(No. 71-277;

Fifth District—February 3, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Kenneth L. Jones, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Peyton Berbling, State's Attorney, of Cairo, (Thomas J. Immel and Fred G. Leach, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Eugene Patterson, Jr., waived indictment and entered a plea of guilty to an information charging him with the crime of armed robbery and was sentenced to the penitentiary for a term of not less than 5 nor more than 9 years. He thereafter filed a post-conviction petition which was dismissed after an evidentiary hearing. His only contention is that he was not afforded effective assistance of counsel in the preparation of, and hearing on, his petition for post-conviction relief.

One of Defendant's primary contentions is that counsel did not actively pursue his adversary role in that he did not make adequate inquiry into the legality of Defendant's arrest and confession. In order to view this claim in its proper perspective, it is necessary to examine the situation that confronted Defendant's appointed counsel. Defendant en-

tered a plea of guilty to the crime charged and the law in this State is clear that a voluntary plea of guilty waives all rights, including constitutional rights, that are not jurisdictional, (*People v. Brown*, 41 Ill.2d 503; *People v. Scott*, 274 N.E.2d 39; *People v. Jackson*, 47 Ill.2d 344) and that a guilty plea waives all irregularities of arrest and detention. (*People v. Southwood*, 274 N.E.2d 41,) Defendant did not content that his plea was involuntary, other than his vague assertion that fear was induced by bringing him before a "white female judge" who was sitting during a period of racial turmoil and during a time when the State's Attorney had vowed to "clear the streets * * * of young blacks". It is also clear that the trial court fully and adequately admonished Defendant prior to receiving his guilty plea and his response to the court's questions indicated a knowing and intelligent waiver of his rights. At the hearing counsel called Defendant in his own behalf at which time he was able to air his grievances and attempt to establish the allegations of his petition. Counsel also conducted a pointed cross-examination of the State's witnesses directed primarily to whether Defendant's confession was voluntary and to ascertain the validity of his arrest and detention. It is clear, moreover, that counsel examined the record of the proceedings out of which the post-conviction hearing arose as evidenced by the following excerpt of a question propounded to Defendant by his counsel: "Even though the record would reflect, Mr. Patterson, that a confession was not used against you * * *". We find that counsel not only reviewed the record, but took an active role in the hearing and we cannot, therefore, agree with Defendant's allegation that counsel did not actively pursue his adversary role. Defendant's voluntary plea of guilty operated to waive his right to complain of the arrest and confession and counsel was as diligent in the pursuit of his client's rights as was possible under the circumstances.

■■■ It is also Defendant's contention that the failure of counsel to amend his *pro se* petition materially prejudiced his rights and constituted sufficient evidence of counsel's incompetence to require reversal. Defendant cites as authority for this position the case of *People v. Slaughter*, 39 Ill.2d 278, wherein the Supreme Court found that the failure of counsel to amend a *pro se* petition constituted a denial of Defendant's right to adequate representation. In that case the petition was dismissed without an evidentiary hearing. In this case, despite the failings of the petition, an evidentiary hearing was held, at which hearing Defendant was present and was allowed to present any evidence available to sustain his allegations. Defendant was, therefore, given the opportunity denied in Slaughter. We cannot say that the failure of appointed counsel to amend the petition evidences incompetence or, in view of the fact that a full hearing

was held, that such failure in any way prejudiced Defendant. Defendant was given every opportunity to present his claims and "counsel is, of course, not under any obligation to fabricate claims of constitutional deprivation." *People v. Stovall*, 47 Ill.2d 42.

■■■ We likewise find no merit in Defendant's claim that counsel demonstrated his incompetency by failing to move for a change of venue or substitution of judge. It must be noted that where there is no showing that the trial judge may be biased or may be a potential witness, there is no necessity that the judge be excused from sitting on the same Defendant's post-conviction petition. (*People v. Newell*, 41 Ill.2d 329.) Other than the fact that the trial judge was white and Defendant black, which fact alone cannot be considered to constitute bias or prejudice to a Defendant, there is no evidence or claim that the elements set forth in *Newell* are here present. The record reveals no comment or statement by the trial judge which would evidence prejudice or bias, and to the contrary reveals that the court gave Defendant a full and fair hearing both at the time he entered his plea and at the time she entertained his post-conviction petition. We did not, therefore, find that defense counsel's failure to seek substitution of judge or change of venue was indicative of incompetence.

■■■ Defendant's final contention is that counsel's failure to move for the exclusion of the State's witnesses at the post-conviction hearing clearly demonstrated his incompetence. We cannot agree. Defendant has no absolute right to have all witnesses excused from the court room (*People v. Strader*, 23 Ill.2d 13), exclusion of witnesses being within the sound discretion of the trial court. (*People v. Adams*, 41 Ill.2d 98.) It has been held that failure to exclude witnesses is not an indication of incompetence. (*People v. Bright*, 78 Ill.App.2d 2.) Widest possible latitude necessary must be given to exercise of attorney's honest judgment and discretion in conduct of a criminal case (*United States ex rel. DeMary v. Pate*, 277 F.Supp. 48), and we here find that although counsel's failure to move for the exclusion of witnesses may have been strategically unsound, it was in his discretion in his assessment of the case whether to so move and there is no showing that his action prejudiced Defendant.

After an examination of the record, we are of the opinion that there is no basis for finding that defense counsel was incompetent or that counsel's conduct prejudiced Defendant.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.