(No. 38098.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT HARTGRAVES, Plaintiff in Error.

*Opinion filed Sept. 29, 1964.—Modified on denial of rehearing November 23, 1964.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and WILLIAM J. NELLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant Robert Hartgraves was tried in the criminal court of Cook County before a jury, found guilty of arson, and sentenced to the penitentiary for a term of not less than four nor more than eight years. He prosecutes this writ of error to review his conviction. The defendant contends that he was wrongfully denied the right to inspect upon demand the police report of a prosecution witness, and that a confession was obtained by constitutionally impermissible means.

A verified petition of the defendant to suppress a confession was filed in advance of the trial and a hearing was held thereon. Officer John Weiss, one of the witnesses who

testified for the State in opposition to the motion to suppress, admitted on cross-examination that he had read over a statement or report before testifying to refresh his memory. At this point the attorney for the defendant made a demand to inspect the report. The State did not immediately produce the report, but the following day presented to the court the field report referred to by officer Weiss. The trial court examined the report and denied the defendant the right to inspect the report under the authority of *People* v. *Moses,* 11 Ill.2d 84 and *People* v. *Wolff,* 19 Ill.2d 318. The defendant, relying on the same cases, contends that the trial judge erred in denying the defense the right to inspect the police report.

In the case of *People* v. *Wolff,* 19 Ill.2d 318, this court held that where no privilege exists and where the relevance and competency of a statement or report have been established, the trial judge shall order the document delivered directly to the accused for his inspection and use for impeachment purposes. However, if the prosecution claims that any document ordered to be produced is not relevant to the testimony sought to be impeached, the trial judge will inspect the document and may, at his discretion, delete unrelated matters before delivery is made to the accused. This presupposes that if the document does not relate to the testimony given by the witness, the entire document may be excluded. It is quite apparent that the trial court followed exactly the procedure set forth in the case of *People* v. *Wolff,* and more fully explained in *People* v. *Wright,* 30 Ill.2d 519.

Despite our belief that the trial court correctly followed the proper procedure with regard to an impeaching document, we feel that the defendant was entitled to inspect the report for another reason. It is clear that a defendant has the right to examine any document used by a witness on the stand to refresh his present recollection. This right was extended by this court in *People* v. *Scott,* 29 Ill.2d 97,

where we held that a defendant had the right to inspect any refreshing material referred to by a witness before trial outside the courtroom. Since officer Weiss testified that he had refreshed his recollection by reference to this report, the defendant was entitled to examine the document on that ground. The record does not make it clear whether defendant's demand for production of the document was grounded on the right to inspect an impeaching document or a refreshing document. In this appeal defendant relies solely on the doctrine of the *Moses* and *Wolff* cases which, as we have noted, was followed. Defendant did not seek to incorporate the document into the record on appeal. The State, however, has attached a copy of the document to its brief without objection and we find nothing impeaching therein, and nothing to detract from the testimony of the witness. The document was requested in connection with the cross-examination of a witness on the motion to suppress which was a matter heard by the court and the court had examined the document. Under all the facts and circumstances we do not believe that the refusal to permit defendant to examine the document requires a reversal.

Finally, the defendant contends that the confessions should have been suppressed, alleging on appeal that they were obtained by physical and mental abuse and coercion, a promise of leniency, and because the defendant was refused the right to make a telephone call during interrogation and was not advised of his constitutional right to remain silent. The trial court determined these questions by a preliminary hearing and held that the confessions were voluntary. On review such determination will not be disturbed unless manifestly against the weight of the evidence, or unless the court has committed an abuse of discretion. *People* v. *Di-Gerlando,* 30 Ill.2d 544; *People* v. *Spencer,* 27 Ill.2d 320.

Defendant's verified petition to suppress his confession alleged that he was held incommunicado for three and one-half hours without being allowed to contact friends or

family and without sleep, food or water, and that he was continuously struck, beaten and threatened by the police. On the hearing on the petition the court heard the testimony of fourteen witnesses, which testimony covers over 330 pages of the record. The defendant testified that the police were guilty of repeated brutality and that he was refused permission to telephone his wife or make any other phone call; that he was threatened; and that the police threatened harm to his wife and child. It is for these reasons that defendant claims to have confessed falsely.

Overwhelming testimony by the police officers, police doctors, an assistant State's Attorney and other witnesses clearly and convincingly refute the claim of brutality or other mistreatment, and of threats to himself, his wife or child. It is clear that the shoulder injury suffered by defendant was caused by two prior injuries in no way connected with his arrest or treatment by the police.

The testimony further refutes the claim that defendant was denied the right to make a phone call and the trial judge could clearly have found from the testimony of at least two witnesses that defendant was permitted to make a phone call to his wife upon his first request and that he called and talked to her and advised her not to worry.

It is true that defendant was not affirmatively warned that his confession might be used against him, but it has been held that this does not render a confession incompetent. (*People* v. *Davis,* 10 Ill.2d 430; *People* v. *Fox,* 319 Ill. 606.) We have re-examined these holdings in the light of *Haynes* v. *State of Washington,* 373 U.S. 503, 10 L. ed. 2d 513, relied upon by defendant, and the more recent decision in *Escobedo* v. *Illinois,* 378 U.S. 478, Doc. 615 filed June 22, 1964. (12 L. ed. 2d 977.) As we read the *Haynes* case, the United States Supreme Court merely stated that the failure to warn a defendant and advise him of his right to remain silent, is an attendant circumstance "which the accused is entitled to have appropriately con-

sidered in determining voluntariness and admissibility of his confession." 373 U.S. at 517.

In the *Escobedo* case, the United States Supreme Court held that the refusal of a request to consult with counsel, coupled with a failure to warn accused of his right to remain silent, amounted to a denial of "the Assistance of Counsel" as guaranteed by the Sixth Amendment to the United States Constitution.

In the present case the trial court considered testimony of the failure to warn the accused, and there is no evidence that defendant requested the assistance of counsel. Under all the facts and circumstances of this case, we hold that the failure to warn the accused did not compel a rejection of the confession.

In coming to this conclusion we are mindful of apparently contrary conclusions reached in *State* v. *Neely,* (Sup. Ct., Ore., September 30, 1964), —— Ore. ——, 395 P.2d 557; and *People* v. *Dorado,* 40 Calif. Reptr. 264, 394 P.2d 952. In the Oregon case the court held a confession inadmissible, concluding that the *Escobedo* decision required that the State must effectively show that the accused was affirmatively warned of his right to remain silent prior to confessing. In the *Dorado* case a divided California court, also relying on *Escobedo*, struck down a confession because the accused had neither affirmatively waived his right to counsel nor had been affirmatively advised of such right. In the *Dorado* case it should also be noted that the accused was interrogated while an inmate of the penitentiary and under prison discipline.

We do not, however, read the *Escobedo* case as requiring the rejection of a voluntary confession because the State did not affirmatively caution the accused of his right to have an attorney and his right to remain silent before his admissions of guilt.

The defendant was arrested and transported to police headquarters at approximately 11:00 P.M. on the night of

May 16, 1962. He signed his first confession at 1:30 A.M. the following morning and a second narrative confession was transcribed at 11:20 that morning. Prior to his confessions he was confronted with the transcribed accusations of two other persons involved in the crime after which he confessed and posed for a photographic re-enactment of the crime. On the evidence on the motion to suppress we think the trial court properly found that the confessions of the defendant were voluntary.

On this appeal, however, defendant strenuously argues that the voluntariness of his confession was vitiated by a promise of lenience or immunity, citing *People* v. *Martorano,* 359 Ill. 258. It must be noted that neither the petition to suppress nor defendant's testimony at the hearing on the petition raised any suggestion that his confessions were induced by a promise of leniency. This question arose only after an extensive cross-examination of one of the police officers, in which he admitted that he told the defendant, "It would go easier for him in court if he made a statement." This is in no way the direct promise of leniency made in *People* v. *Heide,* 302 Ill. 624. Such a mere suggestion of the advisability of making a statement does not in itself render a confession involuntary. *People* v. *Pugh,* 409 Ill. 584, 593; *People* v. *Weber,* 401 Ill. 584, 598.

It is further significant that the defendant did not suggest that he was influenced by any promise of leniency until the statement of the police officer on cross-examination. A reading of the entire record indicates by overwhelming weight of the evidence that defendant voluntarily confessed after being confronted with accusatory statements of two other persons involved in the crime.

The trial court properly held that the confessions given by the defendant were voluntary and the evidence presented at the trial in this case clearly established defendant's guilt beyond a reasonable doubt. The judgment of the criminal court of Cook County is affirmed. *Judgment affirmed.*