(No. 38951.—

The People of the State of Illinois, Appellee, *vs.* Frank Novak, Appellant.

*Opinion filed Sept. 29, 1965.—Rehearing denied Nov. 18, 1965.*

SAM ADAM and ANTHONY F. MANNINA, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Frank Novak, and two others were indicted in the criminal court of Cook County for the theft of two automobiles. Defendant entered a plea of not guilty and made motions to suppress certain evidence, including written and oral statements made while in police custody. Each motion was denied by the court after a hearing. Trial by a jury was waived, and the cause was heard upon stipulation that the evidence heard on the motions to suppress would be the same on trial. Defendant was found guilty and was granted five years probation, with the first six months to be served in the county jail.

On this appeal, defendant urges that his conviction be

reversed on the grounds (1) that his arrest was illegal since the arresting officers did not have probable cause to arrest him without a warrant; (2) that since his arrest was illegal, all evidence obtained as a result thereof was illegally obtained and should have been suppressed; (3) that the search of his garage was not incidental to his arrest and thus illegal, such that the articles seized from the garage should have been suppressed; (4) that the trial court erred in not allowing his motions to suppress all statements made by him while in police custody, since the statements were made after he had been repeatedly denied the opportunity to call his wife and an attorney; and (5) that his confessions should have been suppressed, since he was held for 35 hours before being taken before a magistrate.

Police officer James Carroll testified that he and his partner were cruising in a squad car about 3:00 A.M. on August 27, 1963, when they saw a late model automobile pushing another late model car in an alley between Hamlin and Ridgeway streets in Chicago. The car being pushed had no lights on. After the officers had followed the cars for a short distance, the first car pulled to the curb and a man jumped out and entered the second car, which then left at high speed.

The officers returned to the abandoned car and noticed that it had been stripped of its engine and transmission. Upon inspecting the alley where the two automobiles had first been observed, the officers found oil tracings and tire marks which were followed to a garage at 2531 Hamlin Street. Officer Carroll walked through a gangway and saw a side door to the garage open. He shined his flashlight through the door and observed various automobile parts on the floor.

The officers then walked to the front of a nearby house where defendant was sitting on the porch smoking a cigarette. Defendant acknowledged that the garage was rented by him, and accompanied the officers back to the

garage where the automobile parts were again viewed. Defendant was then placed in a police car and driven to 25th and Lawndale streets where he was transferred to a patrol truck at about 3:30 A.M. and taken to the Marquette police station. He was there questioned on a number of occasions during which time he made incriminating statements. He was not taken before a magistrate until about 35 hours after his arrest.

Defendant's initial contention that his arrest was illegal is based upon his assertion that the police officers did not have reasonable cause to believe that a crime had been committed and that defendant had committed it. With this contention we do not agree. Reasonable cause to make an arrest does not require that quantum of proof necessary to sustain a conviction. (*People* v. *Brinn,* 32 Ill.2d 232, 241; *People* v. *Jones,* 31 Ill.2d 42, 46; *People* v. *La Bostrie,* 14 Ill.2d 617, 621.) The situation that confronted officer Carroll and his partner in this case was such as would lead a reasonable and prudent police officer to the conclusion that the stripped automobile, which had been hastily abandoned, had probably been stolen and that defendant, who rented and occupied the garage to which the oil and tire marks led, was involved in the theft. We conclude that the arrest without a warrant was lawful. Defendant's contention as to the inadmissibility of all evidence obtained as a result of the alleged unlawful arrest likewise cannot be sustained.

Defendant next contends that his garage was some distance from the place of his arrest on the porch of his house, and that the search of the garage subsequent to the arrest was therefore not justifiable as a search incident to an arrest. In particular, defendant contends that the trial court erred in not allowing his motion to suppress the articles seized from the garage. We note, however, that the only evidence as to the contents of the garage was the testimony of officer Carroll when he described what he saw when he first shined his flashlight into the open garage prior to the arrest. The

record fails to reveal the introduction of any evidence obtained from the subsequent search of the garage of which defendant here complains. Any error in not sustaining defendant's motion to suppress evidence obtained from the garage was thus not prejudicial to defendant.

Defendant next contends that the trial court erred in denying his motion to suppress written and oral statements made by him while in police custody. It appears that although defendant apparently made certain written statements, the only admissions of guilt introduced against him were oral confessions made between the hours of 9:00 A.M. on August 27 and 12:00 A.M. on August 28. We will therefore limit our review to the circumstances surrounding these oral statements.

Defendant contends that after his arrest he was repeatedly denied permission to contact an attorney and that the denial of such requests rendered his subsequent statements inadmissible under *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. ed. 2d 977 and *People* v. *Hartgraves,* 31 Ill.2d 375. Defendant testified that at certain times after his arrest, and in the presence of specified persons who were interrogating him, he was refused permission to call his wife so that she could retain an attorney for him. This testimony was not corroborated and was specifically contradicted by Rudolph Janega, an assistant State's Attorney, who testified that defendant did not make a request to call for an attorney at one particular time when defendant claims he did. Also, police officer John Poremba, who was with defendant on several of the occasions when defendant allegedly was denied permission to call an attorney, testified that he did not recall that defendant had ever asked to call anyone in his presence. Even though several other officers did not testify at all on the question of whether defendant ever requested counsel, we think that the record contains sufficient contradiction of defendant's testimony to raise a question of fact as to whether defendant had in fact ever made such

a request. On the record in this case we cannot say that the trial court's finding adverse to the defendant is against the manifest weight of the evidence. *People* v. *DiGerlando,* 30 Ill.2d 544; *People* v. *Yarbrough,* 31 Ill.2d 472.

Defendant's final contention is that a period of almost 35 hours elapsed between the time of his arrest and his appearance before a magistrate. He contends that this delay rendered his detention illegal in violation of section 7 of division VI of the Criminal Code, (Ill. Rev. Stat. 1961, chap. 38, par. 660) which provides in pertinent part that "When an arrest is made without a warrant * * * the person arrested shall, without unnecessary delay, be taken before the nearest magistrate * * *." Defendant argues that constitutional due-process-of-law principles require the adoption by this court of the Federal rule which renders inadmissible confessions obtained while a defendant is in police custody in violation of a statute requiring appearance before a magistrate. (See *Mallory* v. *United States,* 354 U.S. 449, 1 L. ed. 2d 1479; *McNabb* v. *United States,* 318 U.S. 332, 87 L. ed. 819.) This court has previously stated that the *McNabb-Mallory* rule does not rest on constitutional principles and that the rule does not of necessity apply to State criminal prosecutions. (*People* v. *Kees,* 32 Ill.2d 299; *People* v. *Reader,* 26 Ill. 2d 211; *People* v. *Jackson,* 23 Ill.2d 274; *People* v. *Melquist,* 26 Ill.2d 22; *People* v. *Stacey,* 25 Ill.2d 258.) Irrespective of the question of whether defendant's detention in this case was in violation of section 7 of division VI of the Criminal Code, it is the law of this State that illegal detention in and of itself does not render inadmissible a confession given during the period of illegal detention if the confession is voluntarily given. The record in this case does not reveal circumstances which rendered defendant's oral confessions involuntary.

The judgment of the circuit court of Cook County, criminal division, is affirmed.

*Judgment affirmed.*