(No. 39288.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ALEXANDER WALLACE, Appellant.

*Opinion filed September 23, 1966.*

ARTHUR J. O'DONNELL, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and WILLIAM R. KETCHAM, State's Attorney, of Geneva,
(FRED G. LEACH, Assistant Attorney General, and BARRY
E. PUKLIN, Assistant State's Attorney, of counsel,) for the
People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

This is an appeal from the circuit court of Kane County,
which denied defendant a new trial requested under the
provisions of the Post-Conviction Hearing Act (Ill. Rev.

Stat. 1963, chap. 38, par. 122—1 *et seq.*) by a petition filed subsequent to his conviction of murder based upon a guilty plea upon which defendant was sentenced to imprisonment in the penitentiary for a term of 33 to 55 years.

Although defendant was specifically and at length advised by the court and by his counsel as to the possible consequences of a guilty plea, he nevertheless persisted in stating that he freely and voluntarily wished to so plead. He now contends that the guilty plea was not voluntary but was the product of promises of a light sentence by the chief deputy sheriff of Kane County. It is also maintained that the guilty plea was prompted by a written confession signed by defendant, now claimed to have been obtained from him through acts of physical brutality and duress by both Chicago and Kane County authorities. Defendant argues that he was thus deprived of rights secured him by the Illinois and United States constitutions and therefore the conviction must be reversed and the cause remanded for a new trial.

On June 17, 1962, the bullet-riddled body of one Herbert Kwate was found in the country near Carpentersville, Illinois. No witnesses to the killing were or have been forthcoming. On June 19, 1962, shortly before midnight, defendant and Gary D'Allessandro, upon receiving information that a Chicago police detective wanted to talk with them, voluntarily proceeded to a Chicago police station to see the detective.

Although no warrant was issued for his arrest, defendant was there held in custody by Chicago authorities and was intermittently interrogated by them. He was from time to time transferred to various Chicago police stations. Defendant, testifying at the post-conviction proceedings, stated that during one of these "outings", he was handcuffed and placed in a squad car and "taken for a ride", during which he was questioned about robberies and hit in the stomach

at least 15 times. He was then taken back to a police station, placed in a cell with D'Allessandro for a short time and subsequently placed in a "drunk tank" in the same building. Later, defendant became nauseous and was taken in custody to a hospital where he was examined but made no complaints of mistreatment, physical or otherwise. No definitive treatment was given defendant at the hospital, and he left, in custody of the officers, immediately following his examination.

Defendant was on June 20, at about 4:00 P.M. delivered to sheriff's police from Kane County who, after brief questioning, took him to the Kane County jail at Geneva, Illinois. After intermittent interrogation, defendant on June 23, 1962, confessed to the killing of Herbert Kwate. He was indicted, the public defender appointed to represent him, and the guilty plea was entered on August 6, 1962. Conviction and sentence followed.

At the post-conviction proceedings defendant testified that during the interrogation that brought about the confession, electrical wires were placed against his exposed privates several times and the confession was made only because of such brutal treatment.

Before the court sentenced defendant, a hearing in aggravation and mitigation was held during which the now allegedly coerced confession was placed before the court. During this hearing, defendant made no claims of physical mistreatment or coercion by any of the authorities involved, and, further, expressed his gratitude to the Kane County authorities for what they had done for him. At the post-conviction hearing, however, defendant completely changed his story. He told of the above related brutality by both Chicago and Kane County authorities and testified that he confessed only because of inhuman treatment visited upon him by police officers and promises that his sentence would be light should he co-operate with the Kane County au-

thorities. It is also claimed that defendant's requests for counsel and to make phone calls were denied him during the period of his pre-arraignment detention.

Virtually all of the police officers present during the alleged acts of brutality and alleged promises of lenient treatment testified that no such maltreatment was visited upon defendant, that defendant did not request counsel or to make phone calls, and that no promises of leniency were made. No contention is made that all material witnesses were not called to testify or their absence not adequately explained. Defendant's mother testified that she heard a sheriff's deputy promise defendant leniency and a minimum sentence. The circuit court determined that no relief was available to defendant under the provision of the Post-Conviction Hearing Act.

It is well settled in this State that illegal detention does not, of itself, require suppression of a confession otherwise voluntarily given but is merely a factor to be given consideration by the circuit court in determining whether the confession was in fact voluntary. (*People* v. *Novak,* 33 Ill.2d 343; *People* v. *Kees,* 32 Ill.2d 299; *People* v. *Price,* 24 Ill.2d 46.) Equally well established is the rule that the determination of the circuit court on the question of voluntariness of a confession will not be disturbed unless manifestly against the weight of the evidence (*People* v. *Hartgraves,* 31 Ill.2d 375; *People* v. *DiGerlando,* 30 Ill.2d 544.) Under the circumstances here present, we believe the circuit court's determination was not only not against the manifest weight of the evidence but was more than amply supported thereby.

We are mindful that the Supreme Court of the United States, in *Miranda* v. *Arizona,* 34 Law Week 4521, 384 U.S. 436, 16 L. Ed. 2d 694, has set forth new requirements for the admissibility of confessions, but the principles of that case are not mandatorily applicable to cases wherein, as here, trial and conviction occurred before the date of the

*Miranda* decision. *Johnson* v. *New Jersey*, 34 Law Week 4592, 384 U.S. 719.

As stated earlier, defendant made no claim of police brutality at the hearing in aggravation and mitigation but changed his story only after sentence was pronounced and the post-conviction proceedings instituted. He made no claims of inhuman treatment to anyone while he was in custody or when taken to a hospital for treatment for nausea. There is no showing that any objective manifestations of brutal treatment, such as marks or bruises, appeared upon defendant's person, and all mistreatment was denied by those alleged to have perpetrated it. Defendant's claimed promises of leniency were specifically denied by those stated to have made them and it was denied that requests for counsel were made. It was clearly within the province of the circuit court to disbelieve the substantially uncorroborated claims that defendant made at the post-conviction proceedings.

The judgment of the circuit court of Kane County must accordingly be, and is, affirmed.

*Judgment affirmed.*