**People of the State of Illinois, Plaintiff-Appellee, v. Fred Cook, Defendant-Appellant.**

**Gen. No. 50,446.**

First District, Fourth Division.

December 2, 1966.

William B. Smith, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. Roger Horsky, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED IN THE INDICTMENT
Armed Robbery.

JUDGMENT
After a jury verdict finding defendant guilty, he was sentenced to a term of ten to twenty-five years.

POINTS RAISED ON APPEAL
Defendant was denied a fair trial in that:

(1) His confession was erroneously admitted into evidence.

 (a) He had not been advised of his constitutional right to counsel.
 (b) The State failed to establish that is was voluntary.

(2) He was denied access to police reports subpoenaed prior to trial.

(3) Cross-examination of a State's witness was unreasonably restricted.

(4) The trial judge made prejudicial statements in the presence of the jury.

EVIDENCE

Since defendant makes no point requiring consideration of the facts in this case, they will not be set forth in this opinion. They may be found in the opinion, filed today, affirming the conviction of codefendant Carver. 77 Ill App2d 247, 222 NE2d 17.

OPINION

■ (1)(a). Defendant made no request for an opportunity to consult counsel during his interrogation, but contends that he was denied a constitutional right in not being advised of his right to counsel prior to confession (and that such denial rendered the confession inadmissible). This contention has been answered adversely by the United States Supreme Court in opinions filed subsequent to defendant's brief. Defendant relies on rights established in Escobedo v. Illinois, 378 US 478, but even as later clarified and expanded in Miranda v. Arizona, 384 US 436, the point was rendered unavailable to this defendant in Johnson v. New Jersey, 384 US 719. There it was held that the standards laid down in Escobedo and Miranda are not applicable retroactively, and those decisions are therefore controlling only as to trials begun after June 22, 1964 (Escobedo) and June 13, 1966 (Miranda), respectively.

Trial in the instant case commenced on November 9, 1964, so Escobedo is applicable but Miranda is not. The essence of defendant's point (that he had not been advised of his right to counsel) finds no support in Escobedo, however, but only in Miranda, since defendant

had not requested an opportunity to consult counsel. The contention must fall, therefore, on the authority of People v. Hartgraves, 31 Ill2d 375, 202 NE2d 33, which still governs in this situation.

■ (1) (b). We must, nevertheless, consider the absence of counsel, and the failure of the police to advise defendant of his right to counsel, as significant factors in determining whether or not the confession was given voluntarily. Davis v. North Carolina, 384 US 737; People v. Heise, 35 Ill2d 214, 216–217, 220 NE2d 438. On the other hand, another "significant factor" to be considered with all other evidence on the subject, in accordance with Davis, is the fact that the police did specifically warn defendant of his right to remain silent.

■ Defendant correctly argues that the State has the burden of proving the voluntariness of a confession when it is questioned on the ground of coercion. And to meet this burden it must produce all witnesses material to the issue. People v. Wright, 24 Ill2d 88, 180 NE2d 689. It is also true that if a first, oral confession is coerced, then a later otherwise voluntary written confession would be inadmissible as being "inextricably interwoven" with the constraint of the former confession. People v. Taylor, 33 Ill2d 417, 421, 211 NE2d 673.

The facts which defendant claims rendered his confession involuntary are (1) that he was unreasonably detained for seven hours after his arrest and before his written confession, and (2) that during that period he was subjected to brutality by the police.

Defendant was arrested at 12:30 p. m. and taken to the police station. There he was put into a small interrogation room (not a cell) and, after half to three-quarters of an hour of questioning by the police, he confessed to the crime. In separate rooms the questioning of his codefendant and a third suspect continued, however, until they were all brought to the same room

223

where the written confession was prepared and was then signed by defendant at approximately 7:30 p. m.

■ It has frequently and recently been held in this State that unnecessary or unreasonable delay in taking an accused before a magistrate—even illegal detention (which is not claimed here)—does not, of itself, require suppression of a confession, but is only one of the factors to be considered on the issue of voluntariness. The statute provides that a person arrested without a warrant be taken before a magistrate "without unnecessary delay." Ill Rev Stats (1963), c 38, § 109–1(a). In reviewing a similar provision of an older statute, the Supreme Court held in People v. Taylor, 33 Ill2d 417, 422–423, 211 NE2d 673:

> Defendant was arrested at 9:30 a. m. on Saturday and was not taken before a magistrate until. after the written statement was given on Monday. The oral confession, however, was obtained approximately 2 hours after his arrest, and although the statute in force at the time of defendant's arrest (Ill Rev Stats 1959, chap 38, par 660) required that he be taken before a magistrate "without unnecessary delay", noncompliance therewith does not necessarily obviate a conviction nor render an otherwise voluntary confession inadmissible at the trial. (See People v. Hall, 413 Ill 615.) The McNabb-Mallory rule (McNabb v. United States, 318 US 332, 87 L Ed 819, 63 S Ct 608; Mallory v. United States, 354 US 449, 1 L Ed2d 1479, 77 S Ct 1356) holding confessions per se inadmissible if obtained during illegal detention, has never been the law of Illinois. (See People v. Kees, 32 Ill2d 299; People v. Stacey, 25 Ill2d 258; People v. Jackson, 23 Ill2d 274.) Any delay, however, should be considered on the question of voluntariness of the confessions. People v. Hall, at p 624.

In Kees, the court had declared (page 302) that the McNabb rule was one of Federal procedure only which it had consistently refused to adopt for Illinois, and which, in Gallegos v. Nebraska, 342 US 55, 63–64, had been held not to extend to State prosecutions as a requirement of the Fourteenth Amendment.

Because of the attention given to this question in recent years, the Illinois Supreme Court has frequently been required to pass on the point, and just as frequently has resolved the issue as stated above. See, among other decisions, People v. Miller, 33 Ill2d 439, 211 NE2d 708; People v. Novak, 33 Ill2d 343, 348, 211 NE2d 235; People v. Davis, 35 Ill2d 202, 206, 220 NE2d 222; People v. Bernatowicz, 35 Ill2d 192, 220 NE2d 745, where the defendant's detention was for nine days; and People v. Wallace, 35 Ill2d 251, 254, 220 NE2d 198.*

■ Defendant's argument as to brutality is derived from the fact that during the hours of his questioning he was handcuffed to a screen (first in the interrogation room and then in the room where his confession was taken by a stenographer). He also claims that he was beaten by the police prior to his oral confession.

As to the handcuffing, we consider it merely a reasonable security precaution in view of the fact that defendant had been arrested with a gun in his hand at the scene of an armed robbery. Since the police were also questioning two other suspects during this time, and since they wanted to obtain a written confession from defendant, it appears to have been reasonable procedure for them not to have placed defendant in a cell immediately after his oral confession.

---

* The trial in People v. Styles, 75 Ill App2d 481, 220 NE2d 885 was also post-Escobedo and pre-Miranda. The opinion appears to reach an opposite conclusion as to the self-sufficiency of proof of coercion by proof of the defendant's detention for questioning without counsel and without advice as to his right to counsel. Insofar as it does, we do not agree with it.

■ ■ As to the alleged beating of defendant, his claim in this regard is totally uncorroborated and totally contradicted by all those who were present at the time in question. Also, as distinguished from People v. Davis, 35 Ill2d 202, 206, 220 NE2d 222, defendant here failed to produce any evidence that the customary physical examination given upon admission to the County Jail (as in Davis) had given any indication of a beating sustained by defendant. All persons alleged by defendant to have been present at the time he claims to have been beaten, were called and testified at the hearing on defendant's motion to suppress his confession. There is no merit to defendant's argument that the third accused, one Smith, should also have been produced by the State as a witness on the issue of voluntariness, because Smith was not alleged to have been present at the time the beating was supposedly administered (but only when the confession was taken in writing), Smith was not charged with the crime, and the police had made a reasonable attempt to locate Smith for the hearing but were unable to do so.

■ Our conclusion as to points (1) (a) and (1) (b) is that defendant's confession was properly admitted as to him, and his motion to suppress was properly denied. As was stated in People v. Wallace, 35 Ill2d 251, 254, 220 NE2d 198, the rule is well established "that the determination of the circuit court on the question of voluntariness of a confession will not be disturbed unless manifestly against the weight of the evidence (People v. Hartgraves, 31 Ill2d 375; People v. DiGerlando, 30 Ill2d 544)." See also People v. Spencer, 27 Ill2d 320, 325–326, 189 NE2d 270; and People v. Sims, 21 Ill2d 425, 433, 173 NE2d 494. Under the circumstances here present, we believe the circuit court's determination was more than amply supported by the evidence.

■ (2) Citing People v. Moses, 11 Ill2d 84, 89, 142 NE2d 1, and People v. Wolff, 19 Ill2d 318, 327, 167 NE2d 197, defendant argues that he was not given a

fair trial because he did not have the benefit of certain police reports which he had subpoenaed for use at the trial. The record discloses that the entire police file was made available to defense counsel and was then turned over to the court to be kept until needed. Through some inadvertence (for which defendant does not blame the court, the State's Attorney, nor the police), the file was lost and was not used in the trial. We see in this situation no ground for reversal. People v. Wolff, 19 Ill 2d 318, 329, 167 NE2d 197.

 (3) It was shown by the evidence that Perkins, the victim of the robbery, had won $1,500 at gambling the night before. Defendant claims that his cross-examination of Perkins was unduly restricted when he was prevented from inquiring as to the location and type of gambling at which the money had been won.

We consider this restriction to have been properly within the discretion of the court. People v. Dukes, 12 Ill2d 334, 343, 146 NE2d 14. The line of inquiry sought by defendant was irrelevant and immaterial. Furthermore, we see no prejudicie to defendant in this regard. People v. Jones, 343 Ill 291, 295, 175 NE 414.

 (4) Finally, defendant complains about a rather harsh comment made to defense counsel in the presence of the jury. The incident occurred on persistent repetition of an objection which had been overruled. We find no error here.

DECISION

The judgment and sentence of the circuit court are affirmed.

Affirmed.

DRUCKER, P. J., and McCORMICK, J., concur.