**UNITED STATES of America ex rel. Robert HARTGRAVES, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellee.**

**No. 15830.**

United States Court of Appeals
Seventh Circuit.

March 30, 1967.

Julius Lucius Echeles, Howard W. Minn, Warren Wolfson, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen. of Illinois, Phillip Rock, Asst. Atty. Gen., Chicago, Ill., Richard A. Michael, Asst. Atty. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KILEY and CUMMINGS, Circuit Judges.

HASTINGS, Chief Judge.

Robert Hartgraves has appealed from the federal district court's denial, without an evidentiary hearing, of his petition for a writ of habeas corpus.

In 1963, Hartgraves was convicted and sentenced to a term of four to eight years imprisonment by the Criminal Court of Cook County, Illinois for the crime of arson. He is presently confined as a prisoner of Illinois.

Prior to his trial, the trial court held a lengthy hearing upon and denied Hartgraves' motion to suppress a confession he had made after having been confronted with accusatory statements of two other persons involved in the alleged crime. This denial was reviewed by the Illinois Supreme Court on a writ of error, and Hartgraves' contention that the confession was obtained under constitutionally impermissible conditions was rejected. People of State of Illinois v. Hartgraves, 31 Ill.2d 375, 202 N.E.2d 33 (1964), cert. den. 380 U.S. 961, 85 S.Ct. 1104, 14 L.Ed.2d 152 (1965).

Hartgraves' instant petition alleged that his confession "was extorted from him * * * when he had a shoulder that was wired together because of a previous accident, which shoulder was bleeding during his interrogation, the wires having parted." It is alleged that the police bargained for the confession by promising leniency; that they failed to advise Hartgraves of his right against self-incrimination and of his right to counsel; and that they threatened him, mistreated him and denied him access to a telephone. A final allegation, evidently based upon the other allegations, was that the Illinois Supreme Court had failed to abide by the decision of the United States Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). These contentions, which the district court rejected, are renewed on appeal.

The interrogation standards articulated in *Escobedo,* supra, and in the later Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), have been held applicable only to cases decided subsequent to those decisions. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). There is thus no question that the failure of the Chicago police to advise Hartgraves of his rights did not make his confession inadmissible unless that failure, together with other circumstances, forces the conclusion that the confession was in fact involuntary. Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963).

The facts relating to the voluntariness of the confession were developed in the state trial court on the motion to suppress. There are no allegations and there has been no showing that the state hearing was incomplete, unfair or inadequate. Since the state court reliably and fairly found the relevant facts after a full hearing, a federal evidentiary hearing was not required in the district court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Our duty here is to review the state court record in light of the contentions made in order to determine whether the facts disclose that Hartgraves' confession was not voluntarily given.

There was conflict in the testimony in the hearing on the motion to suppress, but the testimony, as the Illinois Supreme Court found and as the federal district court seconded, overwhelmingly refuted Hartgraves' contentions. We agree. Many witnesses denied, and only Hartgraves testified to the contrary, that Hartgraves expressed pain or that his shoulder hurt him; that threats were made against him or his wife or children; and that he was physically mistreated in any way.

Furthermore, on oral argument in this court, whatever the actual facts may have been regarding the wired shoulder, it was admitted that surgical attention was not required for the shoulder subsequent to the events alleged in the petition—a wondrous sequel in view of the allegation that the wires had parted and caused the shoulder to bleed.

In any case, Hartgraves, whom the evidence does not disclose to be other than normal, failed to establish below that he was in such a state of pain and apprehension as to cast doubt upon the voluntariness of his confession.

As for the promise of leniency, it is obvious that except possibly for credible promises of total or nearly total dispensation, the weight to be given to such promises fully depends both upon the context in which they were made and upon the nature of the promise. The suggestion of leniency that was given in this case—that things would go easier in court if a statement were made—in the circumstances as revealed in the record, certainly does not amount to an incentive changing voluntariness to involuntariness.

Hartgraves also failed to establish that he was denied permission to make a telephone call prior to his statement to the police. There was testimony from which the trial court could have concluded either that Hartgraves did not ask to use the phone prior to his statement, or that he in fact did call his wife prior to his statement, or that he was permitted to call his wife at his first request.

As a circumstance affecting the voluntariness of the confession, there remains only the police failure to advise Hartgraves of his right against self-incrimination and of his right to an attorney. While this failure is not to be taken lightly, there is no showing that it inclined Hartgraves to confess. Admittedly, it might be difficult to show how the failure to advise Hartgraves of his rights affected the voluntariness of his confession, but without some showing or combination with other circumstances tending to show coercion, we cannot say that

the failure to advise Hartgraves of his rights alone caused him to give the confession against his will. Presumably, the *Escobedo* and *Miranda* decisions will solve such problems for the future.

We agree with the Illinois Supreme Court that:

"A reading of the entire record indicates by overwhelming weight of the evidence that defendant voluntarily confessed after being confronted with accusatory statements of two other persons involved in the crime." People of State of Illinois v. Hartgraves, supra, 31 Ill.2d at 381, 202 N.E.2d at page 36.

In this case, the trial having been held prior to the decisions in *Escobedo* and *Miranda,* we fail to find a totality of circumstances which compels a reversal under the doctrine of *Haynes,* supra.

The order and judgment of the district court denying the petition for writ of habeas corpus is affirmed.

Affirmed.