**People of the State of Illinois, Plaintiff-Appellee, v. Walter D. Justice, Defendant-Appellant.**

**Gen. No. 51,615.**

First District, First Division.
November 27, 1967.
Rehearing denied December 14, 1967.

Edward A. Biggs, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County (Elmer C. Kissane and Eldridge Hersey, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted for murder. In a jury trial he was found guilty of voluntary manslaughter and sentenced to 4 to 15 years in the Illinois Penitentiary. He prosecutes this appeal contending that his statement to a police officer was improperly admitted in evidence and that he was not proven guilty beyond a reasonable doubt.

Defendant and several others were enjoying an afternoon of watching the football games on television followed by a poker game. Marshall Williams and another player became embroiled in an argument as to who had won a particular hand. Defendant injected himself in the argument and attempted to reach into a drawer for a copy of Hoyle. According to defendant's testimony, Williams slammed the drawer on his hand causing it to bleed. Williams became very abusive and was throwing furniture around, so defendant went into his bedroom and emerged with a loaded rifle. He further testified that, Miss Young, who had come to the apartment to pick up Williams, was pushed against him and Williams then grabbed him from behind. The rifle discharged and Williams was killed. Defendant claimed he did not aim at Williams, nor did he know the gun was loaded.

Miss Young testified that she did not hear Williams threaten defendant. On the contrary, Williams left the apartment before defendant emerged from his bedroom with the rifle. Defendant struck Miss Young and she screamed. Williams returned to the apartment and defendant aimed the rifle at him and fired.

The other card player also testified that Williams did not threaten defendant. During the dispute at the card game, defendant told Williams to "learn to play cards." Williams told defendant to "shut up," to which defendant responded, "you don't tell me to shut up in my house." Defendant then went to his bedroom to get the rifle.

After the shooting, the police were summoned. The investigating officer related his conversation with defendant at that time, in which defendant admitted shooting Williams after Williams attempted to tear up his house. Defendant fired the shot to protect his home.

Defendant argues that the police officer's testimony should not have been admitted because the policeman did not first advise defendant of his right to an attorney. Defendant relies on Escobedo v. Illinois, 378 US 478 (1964) and Miranda v. Arizona, 384 US 436 (1966). Miranda is not applicable to the instant case because the entire proceedings were completed prior to June 13, 1966. Johnson v. New Jersey, 384 US 719 (1966). Escobedo is also inapplicable, it being limited to the peculiar facts of the case. People v. Hartgraves, 31 Ill2d 375, 202 NE2d 33 (1964); People v. Kees, 32 Ill2d 299, 205 NE2d 729 (1965).

The case of Lynumn v. Illinois, 372 US 528 (1963) is also cited by defendant. In Lynumn three police officers obtained an oral confession from the defendant after telling her she would get ten years and her children would be taken away and strangers would have them. The police said they would recommend leniency if she would confess. There is no hint in the instant case of any police harassment or intimidation. We find nothing in the testimony that in any way shows defendant's statement to the police was anything but voluntary.

The other point raised by defendant is that the conflicting testimony should mitigate in his favor and he should be found not guilty. The jury was properly instructed as to whether the homicide of Williams was murder, voluntary or involuntary manslaughter. No error is alleged with respect to these instructions. The rule is well established that credibility of witnesses and the weight to be given their testimony are matters for the jury. This court will not disturb their verdict unless

the evidence is so unreasonable, improper or unsatisfactory to justify our conclusion that there is reasonable doubt of the defendant's guilt. People v. Bailey, 76 Ill App2d 310, 222 NE2d 268 (1966). We feel there is sufficient evidence, if believed, to prove the charge of voluntary manslaughter.

For the foregoing reasons the judgment of the Circuit Court of Cook County, Criminal Division, is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.