(No. 41000.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOHN W. EVELAND, Appellant.

*Opinion filed September 24, 1968.*

EARL H. SACHTLECKEN, of Red Bud, appointed by the
court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and WILLIAM B. STARNES, State's Attorney, of Chester,
(FRED G. LEACH, Assistant Attorney General, and
CHARLES H. STEGMEYER, Assistant State's Attorney, of
counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

John Eveland, the appellant, pleaded guilty in the cir-
cuit court of Randolph County to a charge of theft and
was sentenced to the penitentiary for a term of 3 to 5 years.
His later petition seeking relief under the Post-Conviction
Hearing Act (Ill. Rev. Stat. 1967, chap. 38, par. 122—1
*et seq.*) was denied by the trial court and he now appeals
to this court from such denial.

On May 14, 1966, the appellant turned himself in to a
member of the sheriff's office in Santa Barbara County,
California, and then gave a written confession of having
stolen an automobile in Chester, Illinois, on May 9, 1966.
He waived extradition and was returned to Randolph

County, where, on June 13, 1966, he pleaded guilty to the offense of theft.

Essentially, the appellant argues that his plea of guilty should be vacated because the fact of his earlier confession induced him to plead guilty and such confession was obtained unlawfully in that he was not, prior to confessing, advised of his rights to the assistance of counsel and to remain silent as has been assured by *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. The assumption by the defendant in this argument is, as he states, that "the constitutional rights expounded in the *Miranda* decision were available to the petitioner on the day of his trial, being the same day as the rendition of the *Miranda* decision." In making this pivotal assumption the defendant does not consider *Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, and our holdings in cases such as *People* v. *Kirk,* 36 Ill.2d 292.

In *Johnson* the Supreme Court declared that the guidelines announced in *Miranda* were to be prospective in application and available only to persons whose trials had not begun as of June 13, 1966, the date of the *Miranda* decision. While *Johnson* did not make prospective application of *Miranda* binding on the States we have adopted its view that *Miranda* should not be retroactively imposed. (*E.g., People* v. *Kirk,* 36 Ill.2d 292; *People* v. *Wallace,* 35 Ill.2d 251.) Here, the defendant entered his plea of guilty and was sentenced on June 13, 1966, and the standards of *Miranda* were not available to him.

In cases to be decided which precede the mandate of *Miranda* the absence of counsel and the failure to warn a defendant of his right to remain silent are significant but only attendant factors to be considered in determining the voluntariness of a confession. (*People* v. *Hartgraves,* 31 Ill.2d 375; *People* v. *Kees,* 32 Ill.2d 299; *People* v. *Jackson,* 35 Ill.2d 162, 168; *People* v. *Hester,* 39 Ill.2d 489, 498-499.) Here, it appears from the record that the

defendant turned himself in to the authorities and he does not question the free and voluntary nature of his confession.

We deem that the petitioner has not demonstrated a violation of his constitutional rights and that the trial court acted properly in denying his petition.

The appellant also complains that his right to appeal was impaired, apparently because no transcript of the hearing on the petition was made available. However, we can perceive no prejudice to the petitioner from this omission. It appears from the docket entries that the hearing consisted simply of the arguments of counsel. The foundation issue presented by the petition and appeal, as seen, was strictly one of law, and a transcript of the hearing could not have been importantly helpful.

The judgment of the circuit court of Randolph County is affirmed.

*Judgment affirmed.*