People of the State of Illinois, Plaintiff-Appellee, v. Michael Davidovic, Defendant-Appellant.

Gen. No. 65–73.

Second District.

April 5, 1966.

James P. Moore, of Waukegan, for appellant.

Bruno W. Stanczak, State's Attorney, and Jack Hoogasian, Assistant State's Attorney, both of Waukegan, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant appeals from a conviction for the crime of armed robbery, by the Circuit Court of Lake County. The defendant was indicted for having allegedly committed the offense of armed robbery in that he entered the Dutch Mill Tavern on Route 59 in Lake County on the 16th day of May, 1965, and forced the bartender and 5 patrons at gun point to give him their money. At that time defendant was on parole on a prior sentence for the offense of armed robbery.

The case was tried before a jury and upon the jury's verdict of guilty, the judge sentenced the defendant to a minimum of 25 and a maximum of 35 years in the penitentiary.

On appeal, defendant claims that a written confession offered in evidence against him was inadmissible on the grounds that his request for an attorney at the time of his arrest and during his interrogation had not been

granted. He further contends that the sentence was excessive.

It appears that defendant was arrested on May 18, 1965, by the Lake County Sheriff's Police at approximately 3:50 p. m. He was driven to the County Jail in Waukegan, where he arrived at approximately 4:20 p. m. He was taken to the State's Attorney's office and interrogated and made the written confession which was concluded at approximately 5:00 p. m.

At the hearing to suppress the confession the defendant testified that he had asked the Assistant State's Attorney who took his confession for the right to consult with an attorney and that this request was refused. The Assistant State's Attorney testified and denied that any request had been made by the defendant to consult with an attorney and his testimony was substantiated by that of a special investigator for the Lake County Sheriff's office who testified he was present with the defendant and Assistant State's Attorney when the statement was taken and that at no time did he hear the defendant make a request to confer with an attorney. Defendant further testified that at the time of his arrest he asked his fiancee, who was with him, to get him an attorney. Defendant did not produce her as a witness to substantiate his claim. The officer present at the time of the arrest testified that he made no request for an attorney.

In taking the defendant's statement the Assistant State's Attorney advised the defendant of the charge against him and advised him that the statement must be given voluntarily and might be used against him in a criminal procedure. The statement was taken in the form of questions and answers and consisted of 8 typewritten pages, each signed by the defendant.

In support of his argument the defendant relies on the U. S. Supreme Court decisions in Escobedo v. State of Illinois, 378 US 478, 12 L Ed2d 977, and Spano v. State of New York, 360 US 315, 3 L Ed2d 1265. In the Esco-

bedo case the police officers who had taken the confession admitted that Escobedo had asked for an attorney and that his attorney was in fact present in the next room and that his request to see his client was denied by the police until after the confession had been taken. At no point does it appear in the Escobedo case that he was advised of his right not to make a statement. Justice Goldberg, in speaking for the court, at pages 490 and 491 stated:

> "We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogation that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' (citation omitted), and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."

■■■■■ We have examined carefully the record before us and are of the opinion that the trial judge was justified in disbelieving defendant's claim that he had requested counsel before giving the written statement. We are also of the conclusion that the Assistant State's Attorney, before taking defendant's statement, effectively advised him of his right to remain silent. We do not, therefore, find that defendant's constitutional rights were violated. The failure of the defendant to request an attorney and the failure of the police or State's Attorney's

office to advise him of his right to an attorney did not render the confession inadmissible. The People v. Earl, 34 Ill2d 11, 213 NE2d 556; People v. Hartgraves, 31 Ill 2d 375, 379, 380, 202 NE2d 33.

Finally, the defendant seeks to have this court reduce the sentence imposed by the trial judge on the basis that the sentence was excessive. Prior to the adoption of section 121–9 (b) (4) of the new Code of Criminal Procedure, the Appellate Court could not reduce a sentence imposed by the trial court without reversing the conviction. People v. Bannen, 37 Ill App2d 363, 365, 145 NE2d 706; People v. Calhoun, 22 Ill2d 31, 36, 174 NE2d 166 (certiorari denied) 368 US 935.

■ ■ The defendant at the time of the robbery of the Dutch Mill Tavern had been released on parole from the State Penitentiary just four weeks prior for the commission of an earlier armed robbery, after serving approximately three years for that offense. In addition thereto, his confession disclosed that the night before the robbery in question he had committed an armed robbery at the Sunset Motel. While the sentence imposed upon the defendant is a severe one, it appears from the record that defendant has a propensity for committing armed robbery, which is a serious felony. We adopt the principles set forth in People v. Valentine, 60 Ill App2d 339, 355, 208 NE2d 595, wherein the court said:.

> "We believe that the power to reduce sentences should be used with caution and that a sentence imposed by the trial judge, who sees the defendant and is in a far better position to appraise him and to evaluate the likelihood of his rehabilitation than a reviewing court, should not be reduced unless there are substantial reasons for doing so. The penalty decided upon by the trial court, if within statutory limits, should not be changed merely because of judicial clemency or just because the reviewing

220

court would have imposed a different one if it had been in the trial court's position."

The sentence in this case was within the scope of punishment fixed by the statute and we find nothing in the record to indicate that the trial court abused its discretion in so fixing the sentence.

Judgment affirmed.

MORAN, P. J. and DAVIS, J., concur.