**People of the State of Illinois, Plaintiff-Appellee, v. John Plodzien, Defendant-Appellant.**

Gen. No. 52,260.

First District, Fourth Division.

December 31, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

CRIME CHARGED: Robbery.

JUDGMENT: After a bench trial defendant was found guilty and sentenced to the Illinois State Penitentiary for a term of not less than three nor more than eight years.

CONTENTIONS ON APPEAL:

1) Defendant was not proved guilty beyond a reasonable doubt.
2) Sentence was excessive.

EVIDENCE: Terrell Fondren, the complaining witness, testified as follows: On December 21, 1966, he was at his place of business at 3059 North Sheffield Avenue, Chicago, when the defendant entered the store about 10:30 a. m. with another man. They stayed five or ten minutes and left. Fondren was able to get a good look at the defendant. At about 2:30 p. m. that same day the defendant returned to the shop, at which time Fondren was alone, seated at his desk in the rear of the store. Fondren went to the front to greet the defendant, who ignored the greeting and walked behind Fondren. At that time the bell on the shop door rang and a man entered, whom the witness recognized as the person who had accompanied the defendant in the morning. As he looked at the man Fondren was struck on the head from behind, and the next thing he remembered was lying on the floor and being struck in the face by the defendant. He then became unconscious, and when he awakened he felt the defendant going through his pants pockets. He told him the only money he had was in his raincoat in the back of the store. The defendant and his companion then picked him up, pulled him to the rear of the shop and bound him to a large grinding wheel. The defendant then took Fondren's billfold containing $3, identification and credit cards, including one for Marshall Field & Company, after which the two men left. Fondren identified People's Exhibit 1 as the Marshall Field credit card.

338

Lynn Bischak testified for the State that he was a special investigator for Marshall Field & Company; he identified the defendant in court, stating that he first saw him on December 21, 1966, when he attempted to purchase goods with a charge plate which had been reported stolen earlier that day. He was shown People's Exhibit 1, the credit card issued by Marshall Field, and testified that it was in the possession of the defendant when he was arrested.

The defendant testified that a friend of his told him he "knew a queer up on Belmont and Sheffield who might give them some money." They went to Fondren's shop after visiting a tavern, and the friend went into the back room and talked to Fondren. He returned and said he didn't believe Fondren had any money, so they started to leave. The defendant said Fondren came to him and "approached like he was a queer" and the defendant knocked him down and left. The defendant's friend told him that Fondren had given him the credit card for Marshall Field's; defendant said he used the card, but denied taking other identification cards from Fondren, or robbing him.

■ OPINION: The defendant first argues that he was not proved guilty beyond a reasonable doubt. The case was tried before the court without a jury. In People v. Schoop, 288 Ill 44, at 47, 122 NE 836, the court said:

> "This court will not reverse a judgment of conviction on the evidence merely because only one witness testifies to the commission of the crime and is contradicted by the accused. (People v. Zurek, 277 Ill 621.) In Gainey v. People, 97 Ill 270, this court said: 'The most important and useful function which the jury is required to perform is to determine on which side of a controversy the real

339

truth lies where the testimony as to the material facts is directly in conflict and irreconcilable, and its conclusion in such case of necessity depends largely upon the credit to be given to the opposing witnesses, hence it is universally admitted to be the peculiar province of the jury to determine the credibility of the witnesses.' It is only when this court is able to say, from a careful consideration of the whole testimony, that there is clearly a reasonable and well founded doubt of the guilt of the accused, that it will interfere on the ground that the evidence does not support the verdict. (People v. Grosenheider, 266 Ill 324; Graham v. People, 115 id. 566.) This must necessarily always be the rule where the court has committed no error in its ruling or where no such errors are complained of and no other improper conduct of the jury or of counsel is shown, as it was never the intention of the law that the court should usurp the province of the jury."

This has been the law in Illinois for many years.

The defendant cites and quotes from People v. Kirilenko, 1 Ill2d 90, 115 NE2d 297 (a case which really supports the State's position), where the court said at page 97:

"The sufficiency of the evidence in this case depends, as it so often does, upon the credibility of the prosecuting witness. Where the evidence relating to material facts in issue is in direct conflict and cannot be reconciled, we have stated many times that it is the duty of the jury, or of a court sitting without a jury, to determine the credibility of the witnesses and the weight to be given their testimony, and, in such function, this court will not substitute its judgment for that of the jury or court. (People v. Sheppard, 402 Ill 411; People v. Langer, 384 Ill 608.) In criminal cases it is the duty of this court

to examine the evidence, and, if there is not sufficient credible evidence, if it is improbable or unsatisfactory, or not sufficient to remove all reasonable doubt of defendant's guilt and create an abiding conviction that he is guilty, the conviction will be reversed."

██ ██ It has also been held that the testimony of one credible witness is sufficient for the trier of the fact to conclude that the defendant had been proved guilty beyond a reasonable doubt. People v. Webb, 60 Ill App2d 365, 208 NE2d 639. The sufficiency of the evidence depends solely upon the credibility of the witnesses and the weight to be given their testimony. People v. Riddle, 14 Ill App2d 261, 144 NE2d 466 (abst). Also see People v. Carpenter, 71 Ill App2d 137, 217 NE2d 337; and People v. Bray, 52 Ill App2d 384, 202 NE2d 152.

██ In the instant case there was strong corroboration of the testimony of the State's witness by the showing that defendant was in possession of the Marshall Field credit card. Considering the above rules, a careful examination of the evidence clearly shows that the defendant was proved guilty beyond a reasonable doubt.

The second contention of the defendant is that the sentence of three to eight years in the penitentiary is excessive, and he asks that this court reduce the sentence. In section 18–1(b), chapter 38, Ill Rev Stats 1965, the penalty for robbery is set out as follows: "A person convicted of robbery shall be imprisoned in the penitentiary from one to twenty years."

In the case before us the evidence in the record shows that the alleged crime was committed by the defendant on December 21, 1966. In their briefs both the State and the defendant agree that in January 1954, the defendant had received one year's probation for petty larceny; that in April 1964, he received 90 days in the House of Correction for petty thievery; that in June 1964, on two counts of burglary, he was given concurrent sentences of from one to two years in the penitentiary; that on De-

cember 22, 1966, on the charge of deceptive practices, he received four months in the House of Correction, and on the same date, on a charge of battery, an additional four months in the House of Correction, to run consecutively.

█ █ It is true that the Supreme Court Rules of Criminal Appeals (Ill Rev Stats 1967, c 110A, § 615(b) (4)) allow for reduction of sentence by reviewing courts; however, this power should be used sparingly and only in cases where it appears that some substantial prejudice to the rights of the defendant has occurred. In People v Davidovic, 68 Ill App2d 216, 215 NE2d 474, the court cites with approval and quotes from People v. Valentine, 60 Ill App2d 339, 355, 208 NE2d 595, where Mr. Justice Dempsey said:

"We believe that the power to reduce sentences should be used with caution and that a sentence imposed by the trial judge, who sees the defendant and is in a far better position to appraise him and to evaluate the likelihood of his rehabilitation than a reviewing court, should not be reduced unless there are substantial reasons for doing so. The penalty decided upon by the trial court, if within statutory limits, should not be changed merely because of judicial clemency or just because the reviewing court would have imposed a different one if it had been in the trial court's position."

In People v. Gray, 33 Ill2d 349, at 356, 211 NE2d 369 the court said:

"The final question herein is whether the sentence, which is concededly within the statutory limit (Ill Rev Stats 1961, chap 38, par 18–2, provides for an indeterminate term, the minimum sentence for armed robbery being one year) was so unduly severe as to warrant reduction by us under Ill Rev Stats 1963, chap 38, par 121–9(b) (4). It is clear that

in passing sentence upon a guilty criminal, the trial judge is invested with judicial discretion within the limits of punishment fixed by law. (ILP, Criminal Law, § 815.) While the sentence herein is severe, we believe it to be justified under the circumstances shown. Defendant had been twice previously convicted of felonies and had violated probation granted after his first conviction. In addition to the penitentiary terms served on these convictions, he was sentenced to the State Penal Farm on a third offense and had been released only some four months prior to this armed robbery."

See also People v. Nelson, 41 Ill2d 364, 243 NE2d 225. ▉ Considering the defendant's prior criminal record and his failure to rehabilitate himself, the sentence should not be reduced. The judgment is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.