**People of the State of Illinois, Plaintiff-Appellee, v. William F. Young, Defendant-Appellant.**

**Gen. No. 52,370.**

First District, Fourth Division.

February 5, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Joel M. Flaum, and James B. Haddad, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from a judgment and sentence of two to three years in the penitentiary after a plea of guilty to the offense of bail jumping. Defendant urges that the sentence was unduly harsh in light of the circumstances. The following facts were stipulated. On March 22, 1966, defendant walked out of a courtroom while on bail pending a trial for attempt robbery; a bond forfeiture was entered and a warrant for arrest issued. It was also stipulated that Detectives Panepenta and Rizzi would testify that on July 13, 1966, defendant forc-

■■■■■■

ibly resisted arrest causing a crowd of two hundred people to gather and that he damaged the clothing of both detectives in the struggle. In the hearing on aggravation the following criminal record was presented:

In 1952 he was sentenced one to three years for larceny of auto and motor vehicle.

1955, six months in the House of Correction for tampering with auto.

1957, three years in Federal Penitentiary in Terre Haute for assault, larceny and wrongful appropriation.

1959, one year House of Correction for larceny.

1961, two to five years in the Illinois State Penitentiary for assault to rob.

1965, three months House of Correction for a reduced burglary.

In mitigation defendant pleaded (1) that he was acquitted of the charge for which he had posted bond, (2) that his difficulty in obtaining employment would be increased, (3) that his wife was sick and (4) that he had learned his lesson. The trial judge in passing sentence stated:

Mr. Young, we have had a legislative change in this bond situation. The policy of the legislature has been not to hold defendants in custody merely because they lack the funds for a bond premium, but, instead, to substitute for that, under the statutes, the possibility of a prison sentence.

Now, this Court is very anxious to carry out the purposes of that new statute, and has attempted to comply with the spirit of it by releasing defendants on low bonds and releasing a man on his own recognizance. But also it requires the Court, when it comes to a case in which it is clear, a bond forfeiting

charge, to impose a sentence in the penitentiary, Mr. Young, and that's what I intend to do.

Since defendant has not presented any substantial reason why the sentence should be reduced, the judgment and sentence of the Circuit Court are affirmed. People v. Plodzien, 104 Ill App2d 336, 244 NE2d 343.

Affirmed.

ENGLISH and McNAMARA, JJ., concur.